## Case No. 7,025.

INDIA RUBBER COMB CO. v. PHELPS.

[8 Blatchf. 85; 4 Fish. Pat. Cas. 315.] [1]

Circuit Court, S. D. New York. Dec. 13, 1870.

Charles M. Keller and Charles F. Blake, for plaintiffs.

George Gifford and Peter Van Antwerp, for defendant.

BLATCHFORD, District Judge. This is a suit in equity, founded on the alleged infringement of letters patent granted to William Pauley, December 17, 1867, for an "improvement in combs," and assigned to the plaintiffs. The bill was filed June 22, 1869. The answer, which was filed September 6, 1869, sets up that Pauley was not the inventor of the improvement claimed, and also denies any infringement. It does not set up

1 [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 8 Blatchf. 85, and the statement is from 4 Fish. Pat. Cas. 315.]

any prior knowledge or use of the invention. A replication was put in to the answer, and evidence was taken on the part of the defendant, with a view to show that Pauley did not invent the improvement, but obtained knowledge of it from some one else, but the proof wholly failed. The case went to a hearing, and a decree for the plaintiffs was made April 27, 1870, awarding an account and a perpetual injunction. The accounting has been proceeded with, and the defendant now moves, on affidavits, that the decree be vacated, the injunction be set aside, and the defendant be allowed to amend his answer and to put in evidence sundry matters set up in the affidavits, which it is claimed go to show that Pauley was not the first inventor of the improvement covered by his patents, but that it was previously known and used by others.

The sixtieth rule, of the rules of equity prescribed by the supreme court, provides that after a replication is put in, the answer shall not be amended in any material matters, as by adding new facts or defenses, except by special leave of the court or a judge thereof, upon motion and cause shown, after due notice to the adverse party, supported, if required, by affidavit. The twenty-ninth rule of such rules provides that, after replication filed, the plaintiff shall not be allowed to withdraw it, and to amend his bill, except upon a special order of the judge of the court, upon motion or petition, after due notice to the other party, and upon proof by affidavit that the same is not made for the purpose of vexation or delay, or that the matter of the proposed amendment is material, and could not with reasonable diligence have been sooner introduced into the bill, and upon the plaintiff's submitting to such other terms as may be imposed by the judge, for speeding the cause. In administering the 60th rule, it is, undoubtedly, a proper construction of it, in analogy to the requirements of the 29th rule, that good cause for allowing an amendment of an answer, so as to set up a new defence, ought not to be regarded as being shown, where it appears that the matter of the proposed amendment could, with reasonable diligence, have been sooner introduced into the answer. In Smith v. Babcock [Case No. 13,008] it is said: "When application is made to amend an answer in material facts, or to change essentially the grounds taken in the original answer, courts of equity are exceedingly slow and reluctant in acceding to it." In Baker v. Whiting [Id. 786], where a rehearing was sought by the defendant, on the ground of newly-discovered evidence, after an interlocutory decree had been made in favor of the plaintiff, it was held, that, if the party could, by reasonable inquiry and diligence, have obtained knowledge of the evidence before the decree, he was not entitled to the relief asked. In Walden v. Bodley, 14 Pet. [39 U. S.] 156, 160, it is said, that amendments which change the character of a bill or answer, so as to make substantially a new case, should rarely, if ever, be admitted after the cause has been set for hearing, much less after it has been heard.

The excuse set up by the defendant for not sooner bringing into the case the matters of defence he now alleges is, that, at the time he put in his original answer, he relied upon information which he had received, that Pauley had brought with him from Europe a comb containing the patented improvement; that he caused Pauley and others to be examined as witnesses, and was greatly disappointed in the result; that he had sold the infringing combs under the impression that they were covered by letters patent of the United States granted to one Orrin B. Gallup, April 30th, 1869; that he has obtained the alleged new information since the decree was made; that he used all the diligence, and made all the search, to get testimony, which he supposed or believed was necessary for his successful defence; that he believes that such diligence was reasonable diligence; and that, after the hearing and decision in the suit, he employed persons to make search, and travelled himself to make search, among early comb manufacturers, to ascertain what had been done in this country respecting such combs, and found the information set forth in the affidavits on which the application is made, and of which he had no knowledge or information prior to the hearing.

On these facts, it is impossible to say that the defendant has shown that the information he has acquired since the decree was made, could not, with reasonable diligence, have been obtained prior to that time. He set up no defence of the kind in his answer. He rejected wholly such a defence, and reposed on one of another character. He made no search whatever to obtain the information he now sets up, until after the decree was made. He shows no reason to suppose that, if such search had been before made, it would not have been attended with the same result which it is now claimed has followed the search. The fact that the information set up has followed the search, coupled with the fact that no search was before made, the defendant being himself a comb manufacturer, acquainted with the trade and with those versed in it, and knowing how to prosecute such a search, leads inevitably to the conclusion, that reasonable diligence, exercised at the proper time, would have been attended with the same result which is now set up. The case is one where the new defence is dependent wholly on parol evidence. In such cases, courts of equity hesitate in allowing any practice which may encourage carelessness, negligence or inattention in making answers, or which may leave room for the introduction of testimony manufac-

tured for the occasion. Smith v. Babcock [supra].

The motion is denied.