## Case No. 12,118.

RUGGLES v. EDDY et al.

[11 Blatchf. 524; 1 Ban. & A. 92.][1]

Circuit Court, N. D. New York. March 17, 1874.

PATENTS—ADMISSION OF INFRINGEMENT—PRACTICE IN EQUITY—AMENDMENT—MISTAKE.

The defendants, when sued, in equity, for infringing letters patent for a stove, admitted, in their answer, the infringement charged, and set forth the number of infringing stoves they had made and sold, and rested their defence on their claim of ownership of the patent. The plaintiff had a decree. A motion by the defendants for a rehearing was denied, and an accounting in regard to profits was had, in which the defendants were charged with the profits on the said number of stoves, and the report of the master was made. The defendants then, upon allegations of mistake and error in such admission, moved for leave to amend their answer, and open the case, so as to contest the question of infringement, or, at least, the extent thereof, before the master: *Held*, that the motion must be denied.

[Quoted in De Florez v. Raynolds, Case No. 3,743. Cited in Page v. Holmes Burglar Alarm Tel. Co., 2 Fed. 333; Yuengling v. Schile, 12 Fed. 97; Rogers v. Marshall, 13 Fed. 65; Colgate v. Western Union Tel. Co., 19 Fed. 829; Spill v. Celluloid Manuf'g Co., 22 Fed. 96; Witters v. Sowles, 31 Fed. 10; Rice v. Ege. 42 Fed. 660; Austin v. Riley, 55 Fed. 838; Pittsburgh Reduction Co. v. Cowles Electric Smelting & Aluminum Co., 64 Fed. 128.]

[This was a bill in equity by Horace M. Ruggles against Charles Eddy and Jacob Shaver for the infringement of letters patent No. 3,876, granted to Henry Stanley, January 4, 1845. A decree had been entered for plaintiff, for an injunction and an account (Case No. 12,117), and the cause is now heard on a motion for a rehearing.]

Horace M. Ruggles, for plaintiff.

Esek Cowen, for defendants.

WOODRUFF, Circuit Judge. The defendants, at the adjourned term in January, 1874, moved the court for an order opening the decree made herein at the June term, 1872 [Case No. 12,117], and allowing the defendants to amend their answer, by striking out such portion of the same as admits the infringement of the complainant's patent, and by inserting instead thereof, a denial of such infringement, and thereupon permitting the defendants either to contest the complainant's case on the merits, as to such infringement, or to open the proceedings before the master under such decree, and direct the accounting thereby ordered to proceed anew upon such amended answer, instead of upon the fact admitted in the answer as it now stands.

The litigation between these parties has been severe and protracted. On the 4th of January, 1845, the original letters patent for the invention in controversy were granted to one Henry Stanley. In 1853, the patentee sold

and assigned to Henry J. Ruggles his inventions, and the letters patent therefor, "to the full end of the term for which said letters patent are or may be granted, as fully and entirely as the same would have been held and enjoyed by me, '(him,)' had this assignment and sale not have been made." On the 24th of July, 1858, Henry J. Ruggles executed a similar assignment to the complainant. On the 24th of December, 1858, on the petition of the patentee, Henry Stanley, the said patent was extended for the period of seven years from the day on which it was about to expire, viz., from the 4th day of January, 1859. On the 4th of January, 1859, the patentee, acting upon the idea that the extension of the patent did not enure to the benefit of the complainant, assigned the extended term to John Stanley, and John Stanley, on the 24th of March following, assigned the same to the defendants in this cause. The defendants, subsequently, claiming to be the owners, made several surrenders, and obtained re-issues, of the said letters patent. The defendants, having begun the manufacture of stoves which the complainant deemed to be an infringement of the patent, the complainant notified them that he claimed title thereto, and afterwards, in May or June, 1859, he filed his bill in this court, setting up his title to the extended term, alleging infringement of the patent by the defendants, and praying discovery on oath and an injunction and relief. To this bill the defendants, under the advice of their then counsel, in July, 1859, put in an answer, under the oath of each of the defendants, admitting that they were engaged in manufacturing stoves upon the plan and principle of the said invention, but setting up title to the said extended letters patent under the assignment by the patentee to them. They also commenced an action thereunder against third parties, founded on their claim to the extension and the re-issues they had obtained, in which they produced proof that their patterns were made under such re-issues. The complainant, having failed to obtain an injunction pendente lite, by reason of the doubt whether the extended term had passed to him, discontinued his above named suit. But, subsequently, in the year 1871, the complainant filed the present bill of complaint, demanding a discovery under oath, to which the defendants put in their answer in this cause, verified on the 2d of September, 1871, and put in under the advice of counsel other than those employed in the former suit. In this answer, the defendants, both verifying the same by oath, admit that they have made, and caused to be made and sold, 10,097 coal stoves, of the description named in the bill of complaint, which description plainly conforms to the patent; and, as before, the defendants set up, among other things, their own title, and a denial that the complainant has title to the extended term. Under these pleadings and the complainant's replication, proofs were taken, and, at the March term of this court, 1872, the cause was brought to a hearing on pleadings and proofs, and was heard and considered, without an intimation that the admission of the infringement contained in the answer was not intelligently and advisedly made. The whole contest before the court was upon the question of title to the extended term of the patent. At the June term, 1872, the court made a decree affirming the complainant's title to the extended term, and ordering an injunction and an account of the profits accruing to the defendants from their infringement. In the opinion of the court, attention was called to the fact that, on the question of infringement, there was no dispute between the parties [Case No. 12,117]. At the October term, 1872, the defendants moved for a rehearing; but, at the instance of their counsel, the hearing of their motion was postponed to the January term, 1873. The grounds of the motion were, not that the defendants had not infringed the patent, if the complainant had title, but that that question of title ought to receive further examination. Meantime, in November, 1872, the accounting before the master was begun, but successive stays of proceedings were sought by the defendants and temporarily obtained, with a view to the application for a rehearing, motions for which stays the complainant was required to oppose; and, in January term, 1873, the defendants did not appear at all to urge their motion for a rehearing. In all these proceedings, the defendants and the complainant acted upon the admission made by the defendants of their infringement—an admission deliberately made, with the approval of various counsel. Not only so, it is entirely manifest that the defendants, in their manufacture of the stoves, were acting under their own claim to the Stanley patent and the re-issues thereof which they had obtained; and that they acted, and knowingly and purposely acted, in defiance of the complainant, and claimed, as well as admitted, that their stoves were constructed according to the patent the title to which was then in contest. The proceedings before the master on the accounting proceeded to a final report. The complainant was contented to charge the defendants with making and selling the precise number of stoves which they admitted in their answer they had made and sold, 10,097; and for the making and selling of that number the master made his report of the gains and profits realized by the defendants for the manufacture and sale of the stoves thus admitted to have been made by the defendants. And now, after five years of litigation, in which no doubt that the stoves made by the defendants were infringements of the patent, if the complainant had title, had been suggested to the court or to the complainant, in any stage of the litigation, conducted on the part of the defendants by various counsel, and more than a year after the decree, they come and ask that the litigation be opened, and their answer be amended, that they may contest the question of infringement. They do not claim even, that, upon the in-

formation which they gave their counsel, they have been fraudulently dealt with, but they allege that, in fact, they had made an alteration in one of the devices contained in the Stanley stove, which withdrew the stoves made by them from the operation of the Stanley patent, and that, if their several counsel had sufficiently studied the patent and examined the stoves which the defendants actually made and sold, their counsel would not have permitted them to make the admissions under oath, which appear in their answers.

I think the indulgence here sought is not only without precedent, but beyond the power of the court, if that power is to be deemed governed by any rules whatever, in the exercise of its judicial discretion; and, especially, as a precedent, it would be most unjust to adverse parties, and would be so to this complainant, to subject him to a renewal of the litigation. He has taken the defendants at their word. When warned that they were infringing his rights, they set him at defiance. They knew what he claimed, and they not only admitted that they were infringing those rights, if he had title, but, in point of fact, they did purpose and intend to make stoves in accordance with the patent, and under the protection of the monopoly. Again and again they avowed this; and the utmost they can now say is, that, if they and their counsel had been more diligent, they would have been induced to aver, that, by reason of a change in one particular, in the construction of the stove, they had avoided the patent—an averment which the complainant now denies, and as to which the defendants now invite him to a new litigation. I express no opinion upon the effect of that change. But, I cannot resist the impression, that, taking it to be true, as the defendants now allege, that most of the stoves which they have made are like the model produced on this motion, containing the alleged alteration, the change, if it were conceded to withdraw the stove from the operation of the patent, upon a rigid and technical construction of its terms, was, nevertheless, so far an appropriation of the important features of the invention, as to make the defence of such change rather technical than meritorious, especially when the intentional, persistent, and determined defiance of the complainant is viewed in connection with the defendants' equally manifest intention to claim the patent as a protection to their own alleged monopoly of the right to make just such stoves. For, even though it be said that they believed that these stoves were protected, rather by the reissues which they had obtained, than by the original patent, such suggestion does, nevertheless, assume that it is the same invention, and so the effort now made is to obtain an advantage, not because the defendants have not used the invention which is the complainant's property, but because his patent does not perfectly secure to him the whole of the actual invention. It must be conceded that this is, if

true, a sufficient defence, both at law and in equity, but, on an application for so great indulgence, after so many opportunities to set it up have gone by, it does not strongly commend itself to our sense of justice.

But, apart from this latter suggestion, I am constrained to hold the defendants concluded. Their case, as made by themselves, rests either upon their own want of due diligence, or the want of due intelligence on the part of their counsel. By this the complainant ought not to be so far prejudiced as, after decree, reference, and report of the master, to be compelled to go again through the litigation, on a point distinctly presented, and proper to be met at the outset. Their case, as presented by the counsel whom they have employed for the purposes of this motion, and who regards it as clear that, as to most of the stoves which they have made, they had avoided the operation of the patent, seems, at first view, one of hardship; but, if that is so, the defendants have brought it upon themselves, by their own negligence, or by relying on a degree of vigilance, study, and accuracy on the part of their several counsel, which they now think was inadequate to their protection. No case has been referred to which, in any degree, tends to sanction the latitude of indulgence which the defendants here seek. Cases are numerous tending in the other direction, of which India R. Co. v. Phelps [Case No. 7,025]; Hitchcock v. Tremaine [Id. 6,540]; Prevost v. Gratz [Id. 11,406]; and Livingston v. Hubbs, 3 Johns. Ch. 124,—are examples. The motion must be denied.

[NOTE. Pursuant to the order of the court in its decree in favor of plaintiff for an injunction and account (Case No. 12,117), a reference was had to a master. Exceptions were filed to the master's report, and the case sent back for further proof. Case No. 12,116.]