Blatchford, C. J.
In this case a decision has been filed sustaining the validity of the patent sued on as respects its eleventh, twelfth and thirteenth claims, and holding that the defendant has infringed those claims by making and selling telegraph burglar alarms, in which a circuit breaker acts automatically to break the circuit, so that by the movement of an armatur to and from an electro-magnet a bell is rapidly struck by a hammer, and which alarms contain the inventions covered by said three claims.
The defendant now, before the usual interlocutory decree in favor of the plaintiff is entered, presents to the court a petition, the prayer of which is “that a rehearing of this cause may be had, and that preparatory thereto further reference *331 may be taken in respect of the matters” mentioned in said petition. It is not set forth in the petition that any questions of law or of fact, which arise on the record in the ease, were not presented to or considered by the court, or that any questions of fact or of law arising on the record, which were presented to or considered by the court, were not properly disjwsed of by it. The petition sets forth “that a rehearing of this cause, and permission to take further evidence preparatory thereto, would tend to the furtherance of justice," for reasons therein stated. Those reasons, as so stated, are—
“First. That, since the decision, the defendant has discovered that a machine was made by one Hall, in Boston, in 1847, and then used for receiving and sending telegraphic messages, which machine contained the device described in the thirteenth claim, and reference is made to the affidavit of Hall; that, at the time the evidence in the cause was taken on the part of the defendant, it had used, as it supposed, all due diligence to obtain all competent evidence of past inventions, but it failed to find said machine until the information thereof was communicated to it by Mr. Hall himself, after the publication of the decision in this case, until which time the machine made by Hall in 1847 was not known by the defendant to be in existence; and that the said machine, a description thereof, and the time when it was made and used, are material and necessary facts to establish the defendant’s right to use the machine which the plaintiffs claim to be an infringement of their patent, and will show that the combination and devices described in the thirteenth claim of the patent were in use prior to the year 1854.
“Second. That legal evidence as to when the Morse model instrument was made, and by whom, for want of which such instrument was rejected when before offered in evidence, can now be supplied by the testimony of two persons, to whose affidavits reference is made; that the defendant has acquired knowledge of such fact only since the decision of this cause, and that, by making proofs in relation thereto by the testimony of said two witnesses, the defendant expects to be able *332 to prove a right to the use of the combination devices described under the thirteenth claim of the plaintiffs’ patent.
“Third. That it can be shown by expert testimony that the combination and devices claimed under the twelfth claim of the plaintiffs’ patent were the essential features of the Morse telegraphic instruments, operated by Morse electrical circuit breakers, in use under the Morse patents since about the year 1845, and without which said combination and devices Morse telegraphic instruments and apparatus would have been practically useless and inoperative; that such combination of devices upon said Morse telegraphic apparatus have, since about the year 1845, been in general use in local or short electrical circuits as well as in longer main electrical circuits; that said devices could not be made use of in combination with either long or short electrical circuits without infringing Morse’s patents during their existence; that ever since the year 1840 there has existed, as generally understood by practical electricians, a material and essential difference in the use and functions of the devices described under the twelfth and thirteenth claims of the plaintiffs’ patent, upon Morse’s electrical circuit breakers and telegraphic instruments in use on longer main circuits, for telegraphing, as compared with their use and functions upon Page’s automatic circuit breakers, used in combination with an inductive or secondary circuit for applying electricity as a remedial agent; and that, upon bringing in such testimony, it will more clearly appear that a distinction,^under the decree in this ease, should be made, so that the. defendant may be accorded the right to use the combination and devices described under the twelfth and thirteenth claims of the plaintiffs’ patent, when used in combination with a long or main circuit for telegraphing, without thereby becoming liable as having violated any injunction that may issue under said decree. This petition is signed only by the solicitor of record for the defendant in the suit, and is verified only by said solicitor to the effect that the defendant is a corporation, and he is its solicitor, and that the petition is true “of his best knowledge, information and belief.”
*333 To this petition the plaintiffs demur, and show for cause of demurrer that, according to the constant practice of this court, the defendant has not set forth and proved such a state of facts in respect to newly discovered evidence as to entitle it to a new trial of the merits of the case, but, on the contrary, the petition shows that all the pretended newly discovered facts were easily accessible to the defendant, and that it had full knowledge and notice of the existence of whatever facts were true in relation to the subject-matter of said petition, and could easily have proved the truth in regard to such matters.
The third branch of the petition seems to suggest that the defendant may, perhaps, in the future, desire to use the combination and devices covered by the twelfth and thirteenth claims of the plaintiffs’ patent in connection with a long or main circuit for telegraphing, and that if it does so it may, perhaps, be proceeded against for violating an injunction to be issued on the decree which may be entered on the decision which has been made in this case, and that it desires to have such decree so drawn as to accord the right to such use, and that, as a basis therefor, it desires to produce the testimony mentioned in that connection. It is quite sufficient to say that whenever the defendant shall use what is suggested in connection with a long or main circuit for telegraphing, and shall be proceeded against for doing so, an issue will be raised which it will be proper then to consider, but that no such issue has yet arisen.
Within the principles laid down in Smith v. Babcock, 8 Sumner, 583; Baker v. Whiting, 1 Story, 218; Walden v. Bodley, 14 Peters, 156; Indiarubber Comb Co. v. Phelps, 8 Blatchf. Cir. Ct. Rep. 85; Hitchcock v. Tremaine, 9 Cir. Ct. Rep. 550; Prevost v. Gratz, Peters’ Cir. Ct. Rep. 364; Livingston v. Hubbs, 3 John Ch. Rep. 124; Ruggles v. Eddy, 11 Blatchf. Cir. Ct. Rep. 524; Webster Loom Co. v. Higgins, 13 Cir. Ct. Rep. 349; and De Florez v. Reynolds, in this court, June 9,1879, this demurrer must be sustained. The defendant does not show that it could not with reasonable diligence have obtained, prior to the former hearing, the testimony which it *334 now seeks to adduce in regard to the Hall machine, the Morse model instrument, and the matters suggested as bearing on the right to use, in connection with a long or main circuit for telegraphing, the devices covered by the eleventh, twelfth and thirteenth claims of the plaintiffs’ patent.
The sole case set forth is that the solicitor, according to his best knowledge, information and belief, is of opinion that the defendant supposed it had used all due diligence to obtain all competent evidence of past inventions. There is no oath of any officer of the corporation, or of any person who searched for evidence, or anything to show what search was made, or what knowledge or information was had or not had, or what diligence was in fact used, so that the court can judge whether such diligence was due or reasonable. The “best knowledge, information and belief” of the solicitor may be none at all. Bogardus v. Trinity Church, 4 Sandford’s Ch. R. 369.
Without at all passing upon the question as to whether or how far the evidence sought to be adduced would be material and important, or immaterial and unimportant, on any point to which it might be sought to be applied, if it were in the case, the demurrer must be sustained, and the petition be dismissed, with costs, for the reason before set forth.
A petition entitled in this suit is presented to this court by three corporations, not parties to this suit, which operate lines of telegraph. The petition sets forth that it is claimed by the plaintiffs that devices used by them on their telegraph lines are an infringement of the plaintiffs’ patent; that a judgment entered without qualification in this case in the usual form, and following the language of the decision which has been given,.if it were to be held in other courts and in other cases in this court so far authoritative as to afford ground for a provisional injunction in the first instance, would seriously interfere with the petitioners and with every telegraph company in the country, and with every company using telegraph lines, if it did not put a stop to their use of the telegraph altogether ; that the petitioners ought not in justice to be so affected by the judgment in this case for the following reasons: (1) *335 that the defence was imperfectly presented in various particulars which are set forth in the petition, in that the defendant could have proved various matters which it did not prove, and which it is alleged would affect the novelty and validity of the eleventh, twelfth and thirteenth claims of the plaintiff’s patent; (2) that this suit is against a defendant which has no interest in using long or main circuits, and does not use a telegraph line; (3) that the defendant in this suit had practically, after the suit was • brought, lost all interest in the controversy by reason of its having ceased, except to a small extent, to make the machines complained of; (4) that the decision in this case ought not to be extended to any apparatus used for telegraphing in long or main circuits; (5) that the eleventh, twelfth and thirteenth claims of the plaintiffs’ re-issued patent ought to be confined to combinations of which an automatic circuit breaker is a part.
The petitioners pray to be allowed to exhibit to the court the machine made by Mr. Hall, (before mentioned,) and the Morse model instrument, (before mentioned,) and one of the machines now, and for many years past, used by the petitioners in telegraphing, so that it may be seen that the machine used by the petitioners, and that made by Mr. Hall, and that used by Professor Morse, are alike in their essential parts, and have, all of them, the devices mentioned in the eleventh, twelfth and thirteenth claims of the plaintiffs’ re-issued patent; and that the judgment to be entered herein may be qualified by the following or other equivalent provision, namely : “But nothing in this judgment, or in the opinion or decision of the court in this cause, is to be deemed to relate to any aparatus, device or appliance other than such as is worked on short circuits, for medical or alarm purposes, and containing an automatic circuit breaker,” or that the judgment may be limited in some other manner so as not to affect the petitioners. On the hearing it was stated by the counsel for the petitioners that they would be content with the following qualification: “Provided, however, that nothing in this decision or judgment shall be deemed to affect or relate to the right of any company or person to use, in telegraphy, the *336 instrument commonly known as Morse’s relay or receiving magnet.”
To this petition the plaintiffs demur, and show for cause of demurrer that the petitioners do not set forth any such right, title or interest in the subject-matter of the decree in this suit, either as parties or otherwise, or allege any such facts as to entitle them to be heard in the settlement or entering of such decree; and that, even if the petitioners have any such interest in the subject-matter of such decree, they have not set forth and proved any state of facts in respect to newly discovered evidence which would entitle them to be heard on the settlement of such decree.
In addition to the matters before referred to as contained in the petition, it is urged, for the petitioners, that the special act of congress did not contemplate a patent for any telegraphic device; that Page’s invention was not a telegraphic instrument; that if an automatic circuit breaker is not an essential element in the twelfth claim of the patent, Page was not the first inventor of what is covered by that claim; and that it does not appear that the commissioner of patents adjudged that Page was the first inventor, as was required by the special act.
The petitioners do not allege that there was any fraud or collusion in the conduct of the suit, as it was presented to the court. They substantially ask the court, in view of the matters they lay before it, to give to the plaintiffs’ patent, in this suit, a construction which does not .arise out of any matters in issue in this suit, or which can properly be in issue in this suit. An investigation, on plenary proofs, into the matters now brought forward by the petitioners, would be an investigation into matters not in issue in this suit. The matters of fact and of law now sought to be raised, as not having been before raised, will be fully available to the petitioners if they shall be sued for infringing the patent, whether preliminary injunctions shall be applied for against them or not.
It is well settled that even after the validity of a patent has beon established in a suit, and notwithstanding the presumption thereby raised that the patent is valid, it may *337 always be shown in another suit on the patent against another defendant, and even in answer to an application for a preliminary injunction in such suit, that the right claimed by the plaintiff in the new suit was not, either as to its nature or its extent, fairly in controversy in the former suit, or that material facts were not known or considered when the former suit was tried, or that there are relevant matters which were not adjudicated in the former suit. American Nicolson Pavement Co. v. City of Elizabeth, 4 Fisher’s Pat. Cas. 189.
These principles govern all the circuit courts of the United States, and they apply to all the matters urged by the petitioners, for the petitioners allege nothing except what is claimed by them to fall under one or another of the heads above referred to. In this view the petitioners will have every benefit, if they should be sued, in raising in the new suits what they seek to raise in this suit. On the other hand, the plaintiffs, if contest ing in this suit with the petitioners any new questions of law or fact, would be contesting them with persons who are not parties to this suit, and whom the plaintiffs may never sue. It will be entirely competent for this court, or any other court, to make in any new suit the qualification suggested by the petitioners in reference to the effect of the decision or the judgment in this suit, if it shall be a qualification proper to be made, because the record in this case will show the issues and the proofs, and the decision of the court will show what was considered and passed upon, and it is proper to make such qualification, if at all, only in a new suit.
It is the province of courts to take proofs and render decisions only between parties litigant before it, and in respect to claims brought against parties, and to issues actually raised. No case has been cited for the petitioners where a petition of quasi intervention, such as the present one, has been admitted. The case of Cochrane v. Deener, 5 Otto, 355, is not at all like the present case; and, in effect, the petitioners in the present case will have, in any future cases on this patent, to which they shall be parties, the privilege of a hearing in respect to what they seek to raise in this suit, as above set *338 forth, to the same extent which the supreme court indicated as proper in Cochrane v. Deener.
Without considering, on the merits, any of the questions of law or fact raised or discussed on the hearing, it results from the foregoing views that the demurrer must be sustained, and the petition be dismissed, with costs.