### GILLETTE and others *v.* BATE REFRIGERATING Co.

*(Circuit Court, D. New Jersey.* February 21, 1882.)

PRACTICE—REHEARING—NEWLY-DISCOVERED EVIDENCE.

> To entitle parties to a rehearing, after an interlocutory decree, on the ground of newly-discovered evidence, they must show to the satisfaction of the court that they exercised due and reasonable diligence before the hearing to procure the evidence now sought to be introduced, and the facts and circumstances constituting such diligence must be specifically stated; a general averment is not sufficient. They must show, also, that the new evidence is material. The proper practice suggested.

On Petition for Rehearing.

*John R. Bennett,* (with whom was *Geo. Harding,*) for defendants.

*Dickerson & Dickerson,* for complainant.

NIXON, D. J. On the fourteenth of November, 1881, an interlocutory decree was entered against the defendants in the above case in favor of the complainant corporation, and a reference made to a master to take an account and report the gains and profits which had accrued to the defendants, and to ascertain the damages which the complainant had sustained by reason of the infringement of their letters patent. An application is now made for leave to vacate the decree, to amend the answer, to put in the newly-discovered evidence set forth in the accompanying affidavits, and for a rehearing of the cause. The complainant has demurred to the application, and alleges as grounds of the demurrer:

(1) That the alleged anticipatory uses are immaterial to the case; and—

(2) That if material the facts as to them were easily accessible to the defendants, and could have been proved prior to the former hearing.

When the case came on for argument the solicitor for the petitioners produced in court a stipulation signed by the solicitor for the complainant, conceding—

(1) That the evidence which the defendants now seek to introduce was unknown to them until after the entering of the decree in the cause, and was first known to them on December 9, 1881, when disclosed in opposition to a

motion for injunction in the case of these complainants against Toffey and others, before his honor, Judge Blatchford.

(2) That the defendants expended a considerable sum of money in preparing their defence and obtaining such evidence as they produced at the hearing, and that they then produced all the information or evidence, touching the subject-matter of the suit, of which they then had no knowledge.

(3) That the new evidence is not cumulative or corroborative of any of the original proof of this cause.

(4) That the defendants, and each of them, would swear, viz.: " that the omission on their part to produce at the hearing the new evidence now sought to be introduced was not due to any neglect on their part, they having made diligent effort, extensive and thorough investigation and research, to obtain all evidence relating to or in any way bearing upon the subject-matter involved in this cause; that they have been diligent in producing this evidence since it has come to their knowledge, and in making this application; and that they believe this new evidence to be material, and that had it been before the court on the former hearing it would have changed the conclusion of the court, and resulted in a decree dismissing the bill of complaint,"—which statements are to be considered with the same force and effect as though sworn to in the form of an affidavit by the defendants, and each of them.

It was further stipulated that the respective parties might use, on this motion, copies of any affidavits which they deemed material, notwithstanding the fact that such affidavits may have been made or entitled in some other case, provided the originals of such affidavits be duly filed in the proper court in which they are entitled. This application is a proceeding now well recognized in the practice of courts of equity, and if allowed must be accompanied by such proofs and statement of facts as are deemed necessary to authorize the party to file a bill of review, or the court to grant leave to file a supplemental bill in the nature of a bill of review.

The case of *Baker* v. *Whiting,* 1 Story, 218, came up on a petition presented by the defendants, after an interlocutory decree, asking for a rehearing, and for leave to introduce newly-discovered evidence in the cause. Judge Story, after very full investigation, found precedents for such a practice in the courts of equity both of England and the United States; but held that where a rehearing was sought on the ground of new evidence, after an interlocutory decree, the court might grant the rehearing upon the filing of a supplemental bill, if the evidence was of such a nature and character as to entitle the party to relief upon a bill of review, after the enrollment of a final decree, or on a supplemental bill in the nature of a bill of review where there had been no enrollment, but not otherwise.

A like petition being subsequently filed in *Jenkins* v. *Eldredge*, 3 Story, 299, the same learned judge, in considering the case, said: "The present application, if maintainable at all, should properly, in its prayer, be for leave to file a supplemental bill to bring forward the new evidence, and for a rehearing of the cause at the time when the supplemental bill should also be ready for hearing." The subject is thus generally alluded to in order to suggest the proper mode of proceeding in such cases; but there will be no difficulty in adjusting this application to meet the requirements of orderly practice, if it is found upon inquiry that the defendants have entitled themselves to open the case and to submit the newly-discovered evidence. Whether they are entitled depends upon the answer to two questions: (1) Have they shown that they exercised due and reasonable diligence before the hearing in procuring the evidence now sought to be introduced? (2) Is the new evidence material in determining the issues raised by the pleadings?

1. In regard to the first question the burden is upon the defendants to show that the omission to produce the testimony was not due to any negligence on their part, and that they were diligent in their efforts to obtain it. *Reeves* v. *Keystone Bridge Co.* 9 O. G. 885. No relief of this nature can be granted where the party seeking it could, by proper diligence and inquiry, before the decree have obtained knowledge of the existence of the new evidence. *Rubber Co.* v. *Phelps*, 8 Blatchf. 87; *Ruggles* v. *Eddy*, 11 Blatchf. 524; *Page* v. *Telegraph Co.* 2 FED. REP. 330.

Nothing has been laid before the court exhibiting any diligence or care on the part of the applicants in procuring the testimony before the hearing of the cause, and no facts have been suggested from which I may properly infer its exercise. I do not overlook the fact in the stipulation filed, the complainant has admitted that the defendants would swear that "the omission to produce the new evidence was not due to any neglect on their part, and that they made diligent effort, and extensive and thorough investigation and research, to obtain all evidence relating to or in any way bearing upon the subject-matter involved in the cause."

But suppose the defendant made such an affidavit, what then? The statement is merely conclusions of law that interested parties have drawn from facts and circumstances which they do not disclose, and which, if known, might possibly lead the court to different conclusions. Courts always claim the right to hear the facts and circumstances and draw their own inferences.

2. Looking at the construction given to the complainant's patent, (see 9 FED. REP. 387,) there is reason to deem the new evidence, if true, to be material.    But I have not looked into the second inquiry with any care, as I am clearly of the opinion that the defendants have not made sufficient proof of diligence under the first head to entitle them to have the case reopened.

The application is refused.