## COLGATE v. WESTERN UNION TEL. CO.

*(Circuit Court, S. D. New York. April 4, 1884.)*

APPLICATION FOR A REHEARING—LACHES OF APPLICANT.

An application for a rehearing, based on alleged newly-discovered evidence, must be denied when it appears that the existence of such evidence was known to the applicant or his counsel at the time of the former trial, and that the evidence was not then produced.

Motion for Rehearing.

*Betts, Atterbury & Betts*, for complainant; *Wm. D. Shipman* and *Frederick H. Betts*, of counsel.

*Porter, Lowrey, Soren & Stone*, for defendant; *Geo. Gifford* and *Wm. C. Witter*, of counsel.

WALLACE, J. This is an application by the defendant for a rehearing in a cause heard in November, 1878, and in which an interlocutory decree was entered in December, 1878, adjudging the validity of the complainant's letters patent, and the infringement thereof by the defendant, and that complainant recover the profits of the defendant derived by such infringement. In January, 1879, the complain-

ant applied for a final injunction against the defendant to enjoin the infringement, which was granted as to any further use of the invention, but as to certain uses to which it had already been applied the question of issuing a perpetual injunction was postponed, to await an accounting and application for a final decree. Thereafter the parties entered into negotiations which resulted in defendant's taking a license of complainant and paying $100,000 for a release. The application is made on the ground of newly-discovered evidence, which shows the withdrawal of an application for a patent. At the hearing of the cause the defense of abandonment of the invention was relied on by the defendant, and was considered in the opinion delivered by the court, and overruled in part upon the view that the application for a patent had never been withdrawn by the inventor.

Upon the hearing it was stated by counsel for the complainant that a letter had shortly before been found by him, in looking over the files of the patent-office, written by the inventor, formally withdrawing the application, and this fact was fully brought to the attention of the defendant's counsel. Whether it was assumed by defendant's counsel that the fact was not of sufficient importance to be incorporated into the proofs, or whether they supposed it would be treated by the court as a conceded fact, is not material, in view of the decision and opinion of the court rendered within a few days after the hearing, by which it was plainly indicated that the fact was a material one, and was not in the proofs. If under these circumstances an application had been promptly made for leave to reopen the proofs, and for a rehearing, it would have been incumbent upon the defendant to satisfy the court that the evidence could not have been obtained by the exercise of reasonable diligence, and introduced before the hearing. *Baker* v. *Whiting*, 1 Story, 218; *Jenkins* v. *Eldridge*, 3 Story, 299. It is not necessary to search for authorities outside the decisions of this court maintaining the rule that a rehearing will be denied if the non-production of the evidence is attributable to the laches of the party or his counsel. *Ruggles* v. *Eddy*, 11 Blatchf. 524, 529; *India-rubber Co.* v. *Phelps*, 8 Blatchf. 85; *Hitchcock* v. *Tremaine*, 9 Blatchf. 550; *Page* v. *Holmes Burglar Alarm Co.* 18 Blatchf. 118; S. C. 2 Fed. Rep. 330. But, after the expiration of over three years since the discovery of the evidence, whatever might have been the result of an application if it had then been made, it would have appealed much more forcibly to the judicial discretion than can be expected now, after more than three years have elapsed, after a further hearing has been had, and a perpetual injunction ordered against the defendant, and after the defendant has recognized the complainant's rights by compromising for past use, and taking a license for the future use of the invention, and for a considerable period has been enjoying the use of the invention under the license.

The law of laches, as applied to motions for new trials or rehearings, is founded on a salutary policy. It is for the interest of the

public, as well as of litigants, that there should be an end of litigation, and that efforts to reopen controversies by unsuccessful parties, after they have had a full opportunity to be heard, and a careful hearing and consideration, should be discouraged.

A rehearing is denied.