### SPILL v. CELLULOID MANUF'G CO.

*(Circuit Court, S. D. New York. November 7, 1884.)*

**1. PATENT FOR INVENTION—SUPPLEMENTAL BILL AFTER DECREE OF DISMISSAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE.**

After a decree has been rendered dismissing plaintiff's bill, a petition for leave to file a supplemental bill, in the nature of a bill of review, on the ground of the discovery of new matter of consequence, must show that the petitioner could not, with reasonable diligence, have obtained, prior to the former hearing, the testimony which he seeks to introduce, and that such matter is material. Demurrer to petition sustained.

In Equity.
*H. M. Ruggles* and *E. M. Felt*, for plaintiff.
*F. H. Betts* and *E. L. Hamilton*, for defendant.

BLATCHFORD, Justice. Since the announcement of the decision of the court in this case, on the twenty-first of August, 1884, (21 FED. REP. 631,) dismissing the bill of complaint, and before the entering of any formal decree to that effect, the plaintiff has made a motion for leave to file a supplemental bill of complaint in the nature of a bill of review. The motion is founded on a petition which purports to be the petition of the plaintiff by his solicitor, and is not signed or sworn to by the plaintiff, or any agent or attorney in fact of his, but is signed and sworn to by the solicitor, and is supplemented by an affidavit made by the solicitor, stating that the reason why the petition was not signed and verified by the plaintiff was because the plaintiff is in Europe, and has been there for several years last past, and for the further reason that the facts and statements set forth in the petition are within the knowledge of the solicitor.

The petition sets forth that since the decision of August 21, 1884, the petitioner has discovered new matter of consequence in the cause; particularly, that John W. Hyatt, Jr., and David Blake obtained letters patent of the United States, No. 89,582, on the fourth of May, 1869, a printed copy of the specification of which is annexed to the petition; that the defendant, as assignee of I. Smith Hyatt and John W. Hyatt, (who is the same person who is called John W. Hyatt, Jr., in No. 89,582,) obtained letters patent of the United States, No. 156,-352, on the twenty-seventh of October, 1874, a printed copy of the

specification of which is annexed to the petition; that it appears by No. 89,582, that, in making compounds containing soluble gun-cotton, the gun-cotton is dissolved "in a mixture of equal parts of alcohol and ether," thereby showing that alcohol alone is not a solvent of soluble gun-cotton; that it appears by No. 156,352, that the object of the alleged invention "is to overcome certain objections which are involved in the use of liquid solvents as ordinarily employed in the manufacture of solidified collodion" or celluloid; that the specification says: "Heretofore, liquid solvents have been used in dissolving pyroxyline by first preparing the solvent,—for instance, ether and alcohol, nitro-benzole, etc.,—and then saturating the pyroxyline with the solvents;" that it also says: "Our present improvement consists in transforming pyroxyline into solidified collodion or 'celluloid' (see trade-mark No. 1,102, registered January 14, 1873) by using a liquid instead of a solid solvent, which liquid solvent, like the solid, is latent at ordinary temperatures, but becomes active and dissolves the pyroxyline upon the application of heat. The following is a description of our improved process: We make a weak solution of camphor in alcohol, the proportions being, by weight, one part of camphor to eight parts of alcohol. This solution of camphor is not a solvent of pyroxyline at ordinary temperatures, and we therefore term it a latent liquid solvent, but it becomes an active solvent at an elevated temperature. There being differences, however, in the solubility of different grades of pyroxyline, a corresponding change in the strength of the solution of camphor becomes necessary, which may readily be determined by experiment;" that the claims of No. 156,-352 are: "(1) The process herein described of manufacturing solidified collodion by mixing pyroxyline with a latent liquid solvent, which becomes active only upon the application of heat, as and for the purposes set forth. (2) In the manufacture of solidified collodion, the process of making a homogeneous mass by mixing pyroxyline with one (1) part of camphor and eight (8) parts of alcohol, which forms a solvent that will remain latent at ordinary temperatures, and becomes active upon the application of heat, substantially as described;" that the plaintiff, understanding from the opinion of the court filed in May, 1880, (18 Blatchf. 190; S. C. 2 FED. REP. 707,) that it had been satisfactorily established by the evidence in the cause, that, in the art to which the invention of the plaintiff, as set forth in his patent No. 97,454, relates, alcohol is not a solvent of pyroxyline, and was not an ordinary volatile solvent of soluble gun-cotton, and that the evidence had been carefully considered, and the prior patents adduced and examined were the patent to Cutting, No. 1,638, of 1854, "in which the gun-cotton is said to be washed in strong alcohol before it is dissolved in a mixture of ten parts of ether and six parts of alcohol, and also all the patents of Parkes, did not suppose that it was necessary he should make further search for evidence to establish the fact that alcohol alone and camphor alone are not solvents, at ordinary tem-

peratures, of the soluble pyroxyline which is suitable for use in compounds containing xyloidine; that, therefore, he did not pursue the search, in the patent-office and elsewhere, for evidence upon that point, but since the hearing in July, 1884, of the defendant's motion, which resulted in the decision of August 21, 1884, he has caused an examination of patents to be made, and has found the before-named patents, containing statements as to solvents of pyroxyline, made by parties connected with the defendant; that, taken in connection with the proofs in the cause as they stood at the final hearing, this evidence establishes the fact that alcohol was not, at the date of either of Parkes' patents, a solvent of the pyroxyline useful in the arts, was not one of the "ordinary volatile solvents" spoken of by Parkes, and would not dissolve pyroxyline; that the materiality of such evidence consists in showing that alcohol and ether are neither alone solvents, and that alcohol, even when mixed with one-eighth of its weight of camphor, does not become a solvent; that the same word, "alcohol," is employed in all these patents to designate the same substance, namely, that substance derived from grain and fruits by distillation, and which is not known to chemists or any persons as a solvent of any useful form of pyroxyline; that, if that was true, when the defendant said, in 1874, that a weak solution of camphor, of one part, by weight, of camphor, and eight parts, by weight, of alcohol, is not a solvent of the pyroxyline used in making solid collodion, it was equally true in 1865, and prior to that date, when the art was in its infancy; that such statement of fact is an admission of record by the defendant of a material fact in the cause; and that the plaintiff should have the benefit of the same, and of the other patent referred to, as evidence in his behalf. The prayer of the petition is for leave to file a supplemental bill in the nature of a bill of review.

To this petition the defendant interposed a demurrer, assigning for cause (1) that it does not appear by the petition that the petitioner could not, with reasonable diligence, have discovered the alleged new matters set forth therein prior to the hearing and decision of this case, and could not have duly presented the same to the attention of the court at a prior stage of the case; (2) that it does not appear, by inspection of the petition, and of the copies of the specifications thereto annexed, that the alleged new matter is in any way material or controlling upon the merits of this case; (3) that the petition is not verified by the plaintiff, or by any one authorized to act for him in that behalf, but by a solicitor only; (4) that the petition does not disclose any matter of equity whereon or whereby the prayer of the petition should be granted.

1. The first cause of demurrer is well assigned. The cases of *Smith* v. *Babcock*, 3 Sumn. 583; *Baker* v. *Whiting*, 1 Story, 218; *Walden* v. *Bodley*, 14 Pet. 156; *India-rubber Comb Co.* v. *Phelps*, 8 Blatchf. 85; *Hitchcock* v. *Tremaine*, 9 Blatchf. 550; *Prevost* v. *Gratz*, Pet. C. C. 364; *Livingston* v. *Hubbs*, 3 Johns. Ch. 124; *Ruggles* v. *Eddy*,

11 Blatchf. 524; *Webster Loom Co.* v. *Higgins,* 13 Blatchf. 349; *De Florez* v. *Raynolds,* 17 Blatchf. 436; and *Page* v. *Holmes Burglar Alarm Tel. Co.* 18 Blatchf. 118, are authorities holding that, in a petition like the present one, it must be shown that the petitioner could not, with reasonable diligence, have obtained, prior to the former hearing, the testimony which he now seeks to adduce. All that the present petition avers in that connection is, that the new matter has been discovered since the last decision; and that the plaintiff understood it to have been satisfactorily established, from the opinion of the court on the first decision, (which was one sustaining the plaintiff's patent, while the last decision dismissed the bill on the merits,) that "alcohol is not a solvent of pyroxyline, and was not an ordinary volatile solvent of soluble gun-cotton," and did not suppose it was necessary he should make further search to establish the fact "that alcohol alone and camphor alone are not solvents, at ordinary temperatures, of the soluble pyroxyline which is suitable for use in compounds containing xyloidine;" and that, therefore, he did not "pursue the search for evidence upon that point in the patent-office and elsewhere," but had done so since the last hearing, and had found the two patents referred to. This is an insufficient showing, under the cases above cited.

2. The new matter is not material. In the first decision, it was said, as to camphor and alcohol, that "neither alone is a solvent of xyloidine." This is not a statement made in the specification of the plaintiff's patent. The claim of that patent covers eight different solvents of xyloidine, of which the use of camphor and alcohol conjointly is one. As to all of the solvents claimed, the specification says, that the "invention relates to the preparation and use of certain solvents of xyloidine, and which differ from the ordinary or known solvents of xyloidine, in that these *menstrua* which are employed are not, necessarily, in themselves, solvents of xyloidine, but become so by the addition of the bodies, compounds, or substances herein referred to." This statement, as applied to alcohol, is a statement that alcohol may be or may not be, in itself, a solvent of xyloidine, but that it is unimportant whether it is or is not, the invention being the compound or mixture or joint action of camphor and alcohol. Therefore, it was said, in the last decision, that "whether either alone is or is not a solvent of xyloidine is of no importance." The patent covers a combination of camphor and alcohol. The infringement in question is a use of that combination. The anticipating description to be looked for is a description of the use of that combination.

Parkes, in No. 2,359, said that he dissolved gun-cotton in alcohol. It is sufficient that he said he did, whether he did or not. In No. 2,675 he said that he distilled alcohol over chloride of calcium, and used it as a solvent of gun-cotton. It is sufficient that he said he did, whether he did or not. In No. 1,313 he says he takes the solv-

ent of No. 2,675, and moistens pyroxyline with it, and then adds camphor. Alcohol distilled over chloride of calcium is clearly mentioned in No. 1,313 as an "ordinary solvent," and is "one of the ordinary volatile solvents" embraced in this statement in No. 1,313: "I also, according to my invention, render the ordinary volatile solvents more suitable for use by the addition of camphor." Whether alcohol so distilled was or is an ordinary solvent, or a solvent at all, by itself, of pyroxyline, is of no importance, provided the description is that alcohol so distilled and camphor are conjointly used as a solvent of pyroxyline. Such is the description in No. 1,313. The ground is so fully gone over in the opinion on the last decision that it is not necessary to repeat here the views there announced. Moreover, the new evidence sought to be introduced is irrelevant to prove the point to which it is intended to be directed, namely, that alcohol alone or camphor alone was not, at the date of the plaintiff's patent, understood to be a solvent of pyroxyline; because, No. 89,582, though of a date earlier than the plaintiff's patent, shows nothing except that the patentee in it dissolves gun-cotton in a mixture of alcohol and ether; and No. 156,352 is of a date nearly five years later than the plaintiff's patent, and says no more than that ether and alcohol are a liquid solvent ordinarily employed in 1874 in dissolving pyroxyline, and that a weak solution of camphor in alcohol will not be an active solvent at ordinary temperatures.

Without passing on any other points raised by the demurrer, it is sustained, and the petition is dismissed, with costs.