## MONEYWEIGHT SCALE CO. v. TOLEDO COMPUTING SCALE CO.

### (Circuit Court of Appeals, Seventh Circuit. June 24, 1912.)

### No. 1,710.

PATENTS (§ 315*)—SUIT FOR INFRINGEMENT—REOPENING DECREE—NEWLY DISCOVERED EVIDENCE—LACHES.

The defendant in a suit for infringement of a patent, who denied complainant's title, but introduced no evidence to meet the prima facie proof of title made by complainant, is not entitled to reopen the case, after a decree for complainant has been affirmed by the appellate court, on the ground of newly discovered evidence showing that complainant had made a mortgage on the patent, which remained uncanceled of record, and was therefore not entitled to maintain a suit thereon, where such facts were shown by the file wrapper introduced in evidence on the hearing, but were not called to the attention of either court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 554–558; Dec. Dig. § 315.*]

In Equity. Suit by the Toledo Computing Scale Company against the Moneyweight Scale Company. Decree for complainant, which was affirmed on appeal. 178 Fed. 557, 187 Fed. 826. On petition in the Circuit Court of Appeals for leave to open decree for the introduction of newly discovered evidence. Denied.

Thomas F. Sheridan, for petition.

Edward Rector, opposed.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. By its petition the Moneyweight Company discloses that it was sued in 1905 in the Circuit Court for the Northern District of Illinois by the Toledo Company on account of infringing reissued patent 12,137; that the bill alleged, and the answer denied, ownership of the patent by the Toledo Company; that in April, 1910, the Circuit Court adjudged that the patent was valid, was owned by complainant, and was infringed by defendant, and entered an injunction, and ordered an accounting; that in October, 1910, the cause on appeal was presented to this court, and that in January, 1911, the decree was affirmed, and the cause was remanded to the Circuit Court for an accounting; that in December, 1911, while petitioner's solicitors were examining the title to another patent, they accidentally discovered what they and petitioner were in fact ignorant of before, namely, that on August 6, 1902, the Toledo Company had mortgaged the reissue patent 12,-137, together with other property, to the Security Trust Company of Toledo (a certified copy of the mortgage being attached to the

---

petition), and that the mortgage stands unreleased of record. Thereupon petitioner charges that the Toledo Company at no time since August 6, 1902, has had a right to maintain a suit for infringement of the patent in suit. On this showing petitioner prays that leave be granted to open the case, in order that the issue of ownership of the patent may be tried anew.

At the original trial the record shows that the Toledo Company introduced in evidence a certified copy of the patent in suit issued by the United States to it as assignee of De Vilbiss the inventor. Petitioner introduced no evidence on the question. It is evident that the Circuit Court on that state of evidence committed no error of fact or law in finding a good title in the Toledo Company.

No attempt is made to show diligence prior to the discovery of the mortgage in December, 1911. Such an attempt might, indeed, have been difficult. In contesting the validity and scope of the patent, petitioner introduced in evidence a certified copy of the file wrapper, and this contained an abstract of title in which the mortgage of August 6, 1902, was noted.

Unless something distinguishes this from the usual petition for a retrial on account of newly discovered evidence, it must be denied under the well-settled rule. Baker v. Whiting, 1 Story, 218, 2 Fed. Cas. 486, 492; Jenkins v. Eldredge, 3 Story, 299, 13 Fed. Cas. 504, 509; Reeves v. Keystone Co., 20 Fed. Cas. 472; De Florez v. Raynolds, 7 Fed. Cas. 357; Page v. Holmes (C. C.) 2 Fed. 330, 333; Gillette v. Bate (C. C.) 12 Fed. 108; Colgate v. Telegraph Co. (C. C.) 19 Fed. 829; Spill v. Celluloid Mfg. Co. (C. C.) 22 Fed. 94; Henry v. Insurance Co. (C. C.) 45 Fed. 299; City of Omaha v. Redick, 63 Fed. 1, 11 C. C. A. 1; Pittsburgh Co. v. Cowles Co. (C. C.) 64 Fed. 125, 127; Bissel Co. v. Goshen Co., 72 Fed. 545, 19 C. C. A. 25; In re Gamewell Co., 73 Fed. 908, 20 C. C. A. 111; Bennett v. Schooley (C. C.) 77 Fed. 352; Society of Shakers v. Watson, 77 Fed. 512, 23 C. C. A. 263; Boston, etc., Ry. Co. v. Bemis Co., 98 Fed. 121, 38 C. C. A. 661; Bresnahan v. Leveller Co., 99 Fed. 280, 39 C. C. A. 508; Brill v. Ry. Co. (C. C.) 125 Fed. 526; Merchants Co. v. Afton, 134 Fed. 727, 731, 67 C. C. A. 618; Lord v. Staples & Hanford Co., 148 Fed. 19, 78 C. C. A. 493; Novelty Machine Co. v. Buser, 158 Fed. 83, 85 C. C. A. 413, 14 Ann. Cas. 192; Southard v. Russell, 16 How. 547, 14 L. Ed. 1052; Purcell v. Miner, 4 Wall. 519, 18 L. Ed. 435; Rubber Co. v. Goodyear, 9 Wall. 805, 806, 19 L. Ed. 828; Craig v. Smith, 100 U. S. 226, 233, 25 L. Ed. 577; Gaines v. Rugg, 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432; In re Sandford Fork & Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; In re Potts et al., 166 U. S. 263, 17 Sup. Ct. 520, 41 L. Ed. 994; Story's Eq. Pleading, § 414; 1 Barb. Ch. Pr. 363; Beach, Mod. Eq. Pr. § 825.

Citing authorities (Woodworth v. Stone, 3 Story, 749, Fed. Cas. No. 18,021; Potter v. Holland, 1 Fish. 331, Fed. Cas. No. 11,329; Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504; Whitcomb v. Spring Valley [C. C.] 47 Fed. 652; Waterman v. Mackenzie, 138 U. S. 252, 261, 11 Sup. Ct. 334, 34 L. Ed. 923; Sechler Carriage Co. v. Deere,

113 Fed. 285, 287, 51 C. C. A. 242; Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825, 36 L. Ed. 661) to the effect that the mortgagee of a patent is the only person who can lawfully maintain a suit for infringement, petitioner contends that the rule of laches does not apply, because there never was a cause of action before the court, because the present decree is no protection from a suit by the Security Trust Company, and because it would be unconscionable to permit the Toledo Company to hold its decree, while it knew all along that it had no right to sue. But these embarrassments and hardships are the very ones that fall upon every defendant, who, with no attention to facts readily accessible before the trial, suffers judgment to go against him for an alleged debt which never existed, or had been paid, or was counted on by one who had no title, or no right to sue.

At the argument it was further urged that the bar of laches should be lifted, because we were parties to the fault, in that we did not discover the notation of the mortgage in the abstract contained in the file wrapper, and did not thereupon reverse the decree. If it were to be assumed that the duty of this court to a defendant is the same as that of his counsel in respect to looking for facts of possible defenses beyond those presented in the briefs and oral argument, still we do not perceive how the successful complainant, who has been permitted to go from court without day at the close of the term, could have any less right to object to the reopening of the case for the court's oversight than for his opponent's. No higher equity seems to inhere in the situation, even if this move for a retrial be treated as the court's own.

The petition is accordingly denied.