## COLLINS et als. vs. LAVENBERG & CO.

1. The wife's separate estate is bound for the payment of a promissory note executed by her for goods, wares and merchandize furnished to her and her family.

2 A fact occurring subsequently to the filing of the original bill must be averred by way of supplemental bill, and cannot be brought to the knowledge of the court by amendment.

3. Husband, by deed, conveyed his entire property, consisting of negroes and other personalty, to a trustee, in trust, after the payment of all the debts which he then owed, "for the sole and exclusive use, benefit, maintenance and support of his wife and children, free from all debts and liabilities afterwards to be contracted by himself, to be held, used and enjoyed without division or distribution until his death, and after his death the said estate to vest absolutely, discharged from the trust, in his said wife and children in equal parts, share and share alike." L. & Co. filed a bill against the trustee and *cestuis que trust*, to enforce the collection, out of the wife's separate estate, of a promissory note executed by her for necessaries furnished to her and her family. The death of the husband *pendente lite* was brought to the knowledge of the court by an amended bill. *It was held,*

1. That at the filing of the original bill, the *corpus* of the trust could not have been sold in satisfaction of the complainants' demand, but the wife's share in the profits might have been separated and subjected.

2. That it was erroneous to decree that the property should be hired out for the purpose of raising a fund, since this violated the rights of the children.

3. That the death of the husband, and consequent change in the character of the trust property, should have been averred by way of supplemental bill.

4. That a partition of the estate should have been made, for the purpose of separating the wife's interest.

Error to the Chancery Court of Lowndes. Tried before the Hon. J. W. Lesesne.

Lavenberg & Co. filed this bill against Mrs. Louisa L. Collins et als. for the purpose of enforcing out of her separate estate the collection of a promissory note which she had executed for goods, wares and merchandize furnished by complainants to her and her family. Wiley Collins, the husband of Mrs. Louisa Collins, had conveyed his entire property, consisting of negroes and other personal property, to a trustee, in trust, after the payment of all the debts which he then owed, "for the sole and exclusive use, benefit, maintenance and support" of his said wife and such children as they then had or might afterwards have, "and to the survivor or survivors of them for and during the natural life of him, the said Wiley Collins, (the said trust estate, or proceeds therein provided for the said Louisa Collins, to be held to and for her sole and separate use, free and discharged from all con-

tracts, engagements, debts and liabilities of the said Wiley,) to be held, used and enjoyed without division or distribution until the death of the said Wiley;" and after the death of the said Wiley, the said estate and the whole of it to vest absolutely, free and discharged from all further trusts, in the said Louisa and such of their children as should then be living, in equal parts, share and share alike.

Mrs. Collins and her husband, and the trustee, were made defendants to the original bill. An amended bill was afterwards filed, alleging the death of the husband after the filing of the original bill, and making the children parties defendants. The answers of Mrs. Collins and the trustee deny that the trust estate is bound for the payment of the note, and contain several demurrers to the bill. 1. Because the original bill contained no equity. 2. Because the bill, as amended, contained no equity. 3. Because the amendments make a new and entirely different case from that made by the original bill. 4. Because the original bill and the amendments thereto are incongruous and inconsistent.

The chancellor granted the relief prayed, and directed the appointment of a receiver "to take charge of the property mentioned in said trust deed; and from the proceeds or profits of that portion belonging to Louisa L. Collins to pay the amount due complainants, and the costs of suit."

STONE & JUDGE, for plaintiffs in error:

1. At the filing of the original bill, Mrs. Collins had no separate estate in the property which could be subjected to the payment of the note, except, perhaps, her proportion of the proceeds and profits of the property.

2. On the death of her husband, Mrs. Collins' interest became an absolute estate, in and to one share, she and her children sharing equally. Her interest, then, could only be subjected by her creditors, by a *bill for partition*, or with appropriate allegations to separate her interest from that of her children, and subject it to the payment of her debts.

3. The death of Wiley Collins and the consequent change in the character of the trust property ought to have been brought before the court by supplemental bill. The demurrer to the bill, as amended, should have been sustained.

4. The appointment of a receiver for an indefinite period of time works an injury to the rights of the children.

J. M. BOLLING, *contra:*

1. The separate estate of a married woman is liable for all the debts, charges, incumbrances, and other engagements which she does, expressly or by implication, charge upon it.—2 Story's Eq. Jur., §§ 1398-9-1400; 17 Ala. 797.

2. The rule that requires all legal remedies to be exhausted before a resort can be had to a court of equity, does not apply to a case like the one at bar, for here the remedy exists in equity, independent of that at law.—17 Ala. 797. When this bill was filed the husband was living. It was not necessary to proceed to judgment against the husband, and the wife could not have been sued at law. When the husband died, the suit could properly abate as to him, and proceed against the other parties, without making his representative a party. The property is not yet divided, and there is yet no remedy at law.

3. When property is given to a *feme covert* and her children, to be enjoyed jointly or collectively, the creditor's only remedy is in a court of equity, where the interest of the mother may be separated and subjected to the payment of her debts.—9 Ala. 1002; 10 ib. 328; Ib. 702.

4. The amendment of the bill was properly allowed before the chancellor.—Story's Eq. Pl. 887; Mitford's Ch. Pr. 325. A supplemental bill is never resorted to, when the same end can be obtained by an amendment.—Story's Eq. Pl., § 614; 3 Paige's Ch. 505; 3 Atk. 111-371; 2 ib. 15.

CHILTON, J.—The case of Bradford v. Greenway et al., 17 Ala. 797, is in point to show that the separate estate of Mrs. Collins is bound for the payment of this note. But it is very clear, that the case made by the pleadings does not warrant the relief which was granted by the chancellor. The bill was filed at a time when the *corpus* of the trust, according to the provisions of the deed, could not have been sold in satisfaction of the demand, but the wife's share in the profits might well have been separated. Since that time, however, the grantor has died, and the deed provides that upon his death the property shall vest absolutely in Mrs. Collins and the children, discharged of the

trust, share and share alike to each. It was erroneous, therefore, to hire the property out to raise a fund, since this violated the rights of the children, but the change in the character of the estate should have been averred by way of supplemental bill, and a separation of the interest of Mrs. Collins by partition should have been made, so that her share of the property might have been hired out, or sold, as the case may require, for the satisfaction of the plaintiffs' demand. The death of Wiley Collins, and the consequent change in the nature of the estate, is stated by way of amendment, instead of supplement, and the bill is demurred to for this cause. The demurrer was well taken, and should have been sustained.—Story's Eq. Pl., § 646; Walker v. Hallett, 1 Ala. 397; Bowie v. Minter et al., 2 Ala. 406; Hill v. Hill, 10 ib. 527; Cunningham v. Rodgers, 14 ib. 147. We think, however, the court should not, had it sustained the demurrer, have dismissed the whole bill, as the demurrer goes to the last amendment filed. Consequently, we do not feel authorized to dismiss the bill in this court; but order the decree to stand reversed and remand the cause, that the plaintiff may apply for leave to file a supplemental bill, properly presenting this new matter, which has arisen since the original bill was filed.

Decree accordingly.