## MUNSON v. THE MAYOR, ETC., OF NEW YORK.*

*(Circuit Court, S. D. New York. February 22, 1882.)*

PRACTICE—MOTION TO REOPEN DECREE—NEWLY-DISCOVERED EVIDENCE.

> To justify the opening of a decree on the ground of newly-discovered evidence, such evidence must of itself be such as to make it probable that its introduction would change the result. It will not be opened merely to afford an opportunity to explore for further proofs.

In Equity. Motion to reopen decree.

*Royal S. Crane*, for plaintiff.

*Fredric H. Betts*, for defendant.

WHEELER, D. J. This cause has now been heard upon the motion of the defendant to reopen the interlocutory decree for an injunction and account heretofore made therein, and to admit a new defence of public use of the patented bond and coupon registers in controversy by the Chicago, Burlington & Quincy Railroad Company for the period of more than two years prior to the application for a patent, which were purchased of the patentee himself. The application is founded upon an affidavit of Amos T. Hall, in which he testifies to such prior use while he was treasurer of that corporation, and affidavits of counsel showing due diligence in discovering this defence. This defence would be meritorious if it could have been seasonably interposed and clearly made out, according to the requirements of the law for defeating a patent. This affidavit, as made, having full effect given to all its statements, would make out such defence.

But, since making this affidavit, the same witness has made another, at the request of the plaintiff, so modifying the former as to make it doubtful upon his own statements, taken all together, whether it was in fact the patented register which he used for that corporation during that time. All the registers which he did use were consumed by the Chicago fire, so that proof of what they actually were would necessarily depend wholly upon oral testimony. In addition to this, the plaintiff makes affidavit that what was used was not the patented invention as perfected, but was a different register which he made before completing the invention patented. This would make this defence altogether too doubtful in fact to defeat the patent, if it was all in upon this proof for consideration upon hearing in chief, and would fall far short of warranting reopening the case if all other requisites for that course were complied with. It is argued for the

*Reported by S. Nelson White, Esq., of the New York bar.

defendant, however, that the case should in justice be opened to give opportunity to investigate this defence and produce other witnesses, if to be found, and to subject these to examination and cross-examination to develop the facts pertaining to it more fully. This would be very proper in preparing for a hearing in chief while the case was open for that purpose. That time, however, has passed. It is for the interest of all that litigation should in due course cease, and that experiments in making proofs should cease. After parties have had a full opportunity to ascertain, take, and present all their proofs, and they have been taken, presented, considered, and their weight determined, there is no just ground for opening the case to afford opportunity to explore for further proofs. In applications for a new trial on newly-discovered evidence, the evidence offered should of itself be such as to make it probable that its introduction would change the result. The authorities are full to this extent at least.

The motion must be denied.