WILLIMANTIC LINEN Co. and others *v.* CLARK THREAD Co. and others.

*(Circuit Court, D. New Jersey.* August 19, 1885.)

1. PATENTS FOR INVENTIONS — REOPENING DECREE TO ADMIT NEW DEFENSE — NEWLY-DISCOVERED EVIDENCE — LACHES.

Courts will not open a decree and admit new defenses and newly-discovered evidence, unless it appear that the defendants could not, with reasonable diligence, have discovered the facts which are sought to be introduced, when the pleadings were drawn and the testimony taken.

2. SAME — DECREE INTERLOCUTORY — APPLICATION TO REOPEN, HOW MADE — EVIDENCE.

When the decree is interlocutory and not final, the court has power to open the same and allow a new defense on motion, and without the formality of a bill of review; but when the application is in fact and substance for a rehearing on the ground of newly-discovered evidence, it must be supported by the same sort of proof as is required in order to give a party relief upon a bill of review, or a supplemental bill in the nature of review, after a final decree.

In Equity.

*B. F. Thurston* and *W. C. Witter*, for complainants.

*Livingston Gifford* and *Edmund Wetmore*, for defendants.

NIXON, J. This is an application to open the interlocutory decree entered in the case, to give the defendants an opportunity of setting up an alleged new defense to the suit. The ground on which the application is made, as revealed in the moving papers, is that the defendants have been misled in preparing their defense by a false allegation in the bill of complaint. The suit was commenced February 13, 1872, by filing the bill, in which the erroneous allegation is made that the inventor, Conant, filed his application in the patent-office for his patent before the date of the sealing of the English letters patent to one William Weild, to-wit, July 22, 1858. It is not claimed that the complainants made a willful misstatement. It is admitted that they were led into the error by the officers of the patent-office, who had indorsed the application as if filed January 5, 1858, when, in fact, it was not filed until January 5, 1859. The late George Gifford, Esq., appeared for the defendants, and put in their answer May 6, 1872, in which he denied infringement, and also that Conant made his invention before the sealing of the English Weild patent. The replication was filed June 1, 1872.

The testimony, running through several years, seems to have been largely directed to the question of infringement. None was taken on the issue of the priority of the respective inventions of Conant and Weild. The proofs were published, and the case went to final hearing, and an interlocutory decree was entered in favor of the complainants, May 3, 1879. Proceedings began before the master for an account, and were substantially closed before the death of Mr. Gifford, which occurred in the summer of 1883. The present counsel of the defendants, Mr. Livingston Gifford and Mr. Wetmore, have succeeded Mr. George Gifford, and it is alleged in the moving affidavits that their attention was first called to the error in the bill of complaint, in regard to the date of the Conant application, in the month of December, 1884, and that the time which has since elapsed has been necessarily devoted to obtaining proof of the said error.

The decree being interlocutory, and not final, the court has power to open the same and allow a new defense on motion, and without the formality of a bill of review. But the application is, in fact and substance, for a rehearing, on the ground of newly-discovered evidence, and it must be supported by the same sort of proof as the court requires in order to give a party relief upon a bill of review, or a supplemental bill in the nature of a bill of review, after a final decree.

More than 12 years have elapsed since the bill of complaint was filed and the acknowledged error in date committed. I have examined the affidavits and the briefs of counsel submitted in the case with great care, and have been met at the threshold with the objection that the motion ought not to succeed, owing to the laches of the defendants in making their application. It a well-settled and a safe

and salutary principle of law that courts will not open a decree and admit new defenses and newly-discovered evidence, unless it appear that the defendants could not with reasonable diligence have discovered the facts which are sought to be introduced when the pleadings were drawn and the testimony taken.

Some embarrassment is caused by the death of Mr. Gifford, who was for a period of more than 12 years previous to his decease the counsel of the defendants. He was a gentleman of such exceptionally high character that all men knowing him would be inclined to accept as true his simple statement respecting any transaction as he understood the truth to be. He cannot, however, be interrogated; but it is quite clear from the evidence that both he and Mr. Clark, who represents the defendant corporation in these proceedings, had the means of ascertaining, and with ordinary diligence could have ascertained, as early as the spring of 1873, the true date of Mr. Conant's application for the patent.

Without expressing any opinion upon the other questions involved in the motion, and which have been so elaborately and ably argued by the respective counsel, it is quite clear that upon the ground of laches alone the application to open the case ought to be refused; and it is accordingly so ordered.