ALBANY STEAM-TRAP Co. *v.* FELTHOUSEN.[1]

*(Circuit Court, N. D. New York.   February 3, 1886.)*

1. PATENTS FOR INVENTIONS—APPLICATION FOR REHEARING FOR NEWLY-DISCOVERED EVIDENCE.

Where patents have been sustained after animated, persistent controversy for over five years, and a petition for rehearing has been filed on the ground of newly-discovered evidence, the criticism naturally suggests itself, why was not the testimony adduced before the examiner?

2. SAME—EXCUSES FOR DELAY.

Excuses for delay in presenting evidence, being vague as to dates, and otherwise insufficient and unsatisfactory, a rehearing was denied.

3. SAME—NEWLY-DISCOVERED EVIDENCE CONFLICTING.

Where newly-discovered evidence is conflicting, it is entitled to but slight consideration, and, if offered at a late day, the cause should not be reopened to receive it.

Petition by the Defendant for a Rehearing.

*E. N. Dickerson, Jr.,* for complainant.

*Matthew Hale* and *E. H. Bottum,* for defendant.

Before WALLACE and COXE, JJ.

COXE, J.   This action was commenced in November, 1880, the bill alleging infringement of four patents owned by the complainant. It was decided, after two elaborate arguments, in May, 1884.   The decision was in favor of the defendant upon three of the patents, and in favor of the complainant upon one,—the third Blessing patent. 22 Blatchf. 169, and 20 Fed. Rep. 633.   In January, 1885, both parties filed motions for a rehearing.   The complainant's motion prevailed, and the cause was reargued, as to the second Blessing patent, in June, 1885, before Mr. Justice BLATCHFORD.   24 Fed. Rep. 699.   For over five years, therefore, this controversy has been the subject of animated, persistent, and apparently inexhaustible litigation. In January, 1886, this motion is made by the defendant for a rehearing, on the ground of newly-discovered evidence.   The criticism naturally suggests itself, why was not the testimony adduced before the examiner? Why, at least, has this motion been so long delayed?   An excuse is attempted, but it is vague as to dates, and, in other respects, insufficient and unsatisfactory.   Regarding that part of the petition which relates to prior sales by the defendant of steam-traps to parties in Milwaukee, it is enough to say that there can be no pretense that this testimony is newly discovered, and no reason is advanced, which at all commends itself to the court, why it was not produced before the examiner.

In addition to these considerations, we are of the opinion that such discredit is thrown upon the statements of the Albany witnesses that their testimony, were it before the court, could hardly be expected to throw much light upon the point in controversy.   Several of them

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

have made affidavits for the complainant in direct conflict with those read by the defendant. Such testimony is entitled to but slight consideration, and at this late day the cause should not be reopened to receive it.

We see no reason why the complainant is not entitled to the usual decree. It would not be wise, in our judgment, to instruct the master in advance as to the course he shall pursue. Both parties will be fully protected by exceptions to his report, and, should the master be in doubt, he can, if he desires to do so, apply at any time to the court for instructions. The motion for a rehearing is denied.

WALLACE, J., concurs.