NEVADA NICKEL SYNDICATE, Limited, v. NATIONAL NICKEL CO. et al.

'Circuit Court, D. Nevada. March 21, 1898.)

No. 641.

1. EQUITY—PLEADING—SUPPLEMENTAL BILL.
　　The fact that original and amended complaints and answers, and contracts, deeds, leases, and other documents, are set out in a supplemental bill in hæc verba, where a clear and concise statement of the facts as to their existence, character, and substance was sufficient, furnishes no substantial reason for expunging them from the record, when they contain relevant matter, and are pertinent to the issue raised.

2. SAME—MULTIFARIOUSNESS.
　　Where the same paper is set out at two or more places in a supplemental bill, such repetitions will be expunged, and the complainant given leave to amend by striking out all but one copy, and referring to the page in which it first appears.

8. SAME—NEW PARTIES.
　　Where the complainant had no knowledge of the entry of certain judgments, alleged to be fraudulent, until after the filing of the amended bill, a supplemental bill may be filed, setting up the facts and bringing in necessary parties, when the general character of the suit is not changed.

This was a suit in equity by the Nevada Nickel Syndicate, Limited, against the National Nickel Company and others. The cause was heard upon demurrers and exceptions of defendants to the supplemental bill.

W. E. F. Deal, for complainant.
George W. Baker, for defendants.

HAWLEY, District Judge (orally). The supplemental bill in this case covers 178 pages of typewritten matter. It sets forth the fact that the original bill of complaint was amended; that answers thereto were filed. Copies of all the pleadings, and of the agreements and contracts made between the parties, are copied in hæc verba in the supplemental bill. The subject-matter of the bill may, for the purpose of disposing of the present questions, be sufficiently gleaned by a brief reference to the prayer of the bill, which is, in substance, for a decree vacating and setting aside certain judgments alleged to have been fraudulently obtained in the state courts,—one by the National Nickel Company against complainant, and the other obtained

by Charles E. Brooks against complainant: that the premises described in the bill may be sold to satisfy the judgment of $85,000, or thereabouts, which complainant asks be entered in its favor; that an order be made requiring defendants to deliver to complainant the possession of the property specified in the bill; that the lease and assignment thereof mentioned in the original bill be delivered up and canceled; and that defendant Pierce and his assignees be enjoined and restrained from asserting any right, title, or interest in the property, etc. To this supplemental bill nine specific exceptions have been filed, and motions made to expunge certain matters from the bill, as being impertinent. The objections are (1) that the various agreements, contracts, original complaint, and amended complaint are unnecessarily recited in hæc verba in the bill; (2) that certain parts of the bill contain no allegations of facts which were not within the knowledge of complainant at the time of the filing of the amended complaint; (3) that certain averments contained therein will, if allowed to remain, change the character of the suit set forth in the amended complaint. The demurrers interposed by the National Nickel Company and Charles E. Brooks set forth as grounds of demurrer (1) that the bill exhibits several distinct and independent matters and causes which have no relation to each other: that there is therein exhibited a cause of action wherein the complainant seeks to show a lien upon certain real property, and seeks relief to the end that such lien may be foreclosed; that there is therein further exhibited a cause of action wherein the complainant seeks to show that a certain judgment, concerning its rights in real property, had been given against it through fraud, and seeks relief to the end that it may escape said judgment, and that said judgment may be set aside and declared of no effect; and that there is therein exhibited a cause of action wherein the complainant seeks to show that a certain judgment for damages has been rendered against it through fraud, and seeks relief to the end that the said judgment may be set aside and declared of no effect; that said three causes of action are so mixed and intermingled, the one with the other, that it is impossible for defendant to demur or plead or answer each separately; (2) that it appears from the complainant's own showing that it is not entitled to any relief against Charles E. Brooks; (3) that, as to the cause of action which prays for the relief from the personal judgment obtained against complainant by the National Nickel Company, the other defendants in the bill have no interest or connection therewith, and are improperly joined as defendants herein.

A supplemental bill should state the original bill and the proceedings thereon, and, if it is occasioned by any event subsequent to the original complaint, it must state that event, and the consequent alteration with respect to the parties. There was no necessity to copy the original or amended complaint or answer in the supplemental bill; nor was it absolutely essential that the agreements, contracts, deeds, leases, and other documents should be copied in hæc verba in the bill. A plain, clear, and concise statement of the facts as to the existence, character, and substance of these documents would have been sufficient. By a strict observance of this rule, it is safe to say that all the necessary and essential facts could easily have been stated

with legal accuracy and precision in less than one-half the space covered by the present bill. But the fact that they are set out in hæc verba furnishes no substantial reason for expunging them from the record. They do not contain any irrelevant matter. They are all pertinent to the issues raised. Equity rule 58 was adopted in order to relieve the pleader from copying the formal pleadings and other documents in hæc verba. It provides:

"It shall not be necessary in any * * * supplemental bill to set forth any of the statements in the original suit unless the special circumstances of the case may require it."

It may be that the special circumstances in this case justify the incorporation of all the documents in hæc verba in the bill; but, be that as it may, the defendants ought not to complain, because thereby they are fully advised as to their contents. The general exceptions touching these matters are purely technical, and would, if allowed, only tend to delay the trial of the case, without producing any substantial results in the interest of justice. It appears, however, that certain "articles of agreement" are copied at length in the bill at four different places (first, as an exhibit to the original bill; second, in the complaint of the National Nickel Company against the Nevada Nickel Syndicate; third, in the complaint of Charles E. Brooks against the Nevada Nickel Syndicate; and, fourth, as an exhibit in the answer of defendants to the amended bill); that the complaint of the National Nickel Company against the Nevada Nickel Syndicate is copied in toto in two different places; that a deed is copied twice, and a memorandum of agreement twice (once in the original bill, as an exhibit, and also as an exhibit in the answer of defendants). These repetitions are wholly unnecessary. It might, perhaps, be said that the impertinence in this respect is not in itself prejudicial to any one; that it is only a mere naked and harmless superfluity. But it cannot be sanctioned, permitted, or allowed, without violating every rule of practice or pleading with which I am familiar. It unnecessarily incumbers the record, adds unnecessary costs, and, if undisturbed, would establish a precedent which no court, in the interest of good pleading, could consistently follow. For these and other good and sufficient reasons, I decline to permit these useless repetitions to remain in the bill. In 1 Fost. Fed. Prac. § 68, the general rule upon this subject is clearly stated as follows:

"Every bill shall be expressed in as brief and succinct terms as it reasonably can be, and shall contain no unnecessary recitals of deeds, documents, contracts, or other instruments, in hæc verba, or any other impertinent matter, or any scandalous matter not relevant to the suit."

The bill can readily be amended, in open court, if so desired, by striking out all the different recitals of the copies but one, and making a reference to these pleadings and documents on the page or place in which they first appear.

The other grounds mentioned in the exceptions are also presented by the demurrers, and will be considered together.

It is contended by the defendants that the supplemental bill does not contain the recital of any event happening after the filing of the original bill, whereby the suit has become defective. This point is

urged because it appears that the judgments which are sought to be set aside were obtained prior to the commencement of this suit. On the other hand, the complainant avers that it had no notice or knowledge of the entry of said judgments, or either of them, until after the filing of the amended complaint; that the same were obtained fraudulently; that no summons was ever issued or served upon complainant as by law required. Equity rule 57 provides:

"Whenever any suit in equity shall become defective from any event happening after the filing of the bill (as, for example, by change of interest in the parties), or for any other reason, a supplemental bill or a bill in the nature of a supplemental bill may be necessary to be filed in the cause."

Under this rule, and the equity practice of this court, it must appear that the new matters which are designed to supply some defect in the structure of the bill happened or accrued after the filing of the amended complaint (Kennedy v. Bank, 8 How. 586, 610; Jenkins v. Eldredge, 3 Story, 299, Fed. Cas. No. 7,267), or matters of which complainant had no information at the time of the filing of the amended bill (Caster v. Wood, 1 Baldw. 289, Fed. Cas. No. 2,505). In a note to Hughes, Eq. Draftsm. p. 401, it is said:

"In order to file a supplemental bill, it must be shown that the matter relied on as supplemental has arisen since the commencement of the original suit, or that the facts have first become known to the plaintiff in such a way that he could make use of them since the cause passed the stage in which he might have leave to amend, or that he had been prevented by inadvertence, mistake, or some other cause satisfactorily shown, from availing himself of the matter proposed to be shown at an earlier stage of the cause; and the supplemental bill must be confined to such matter, and must be verified by affidavit, or other satisfactory proof. Pedrick v. White, 1 Metc. (Mass.) 76; Bowie v. Minter, 2 Ala. 406. See, also, Hasbrouck v. Shuster, 4 Barb. 285; Collins v. Lavenberg, 19 Ala. 682. The court will also permit other matters to be introduced into the supplemental bill which might have been incorporated in the original, by way of amendment: and this is especially proper where the matter which occurred prior is necessary to the proper elucidation of that which occurred subsequently to the filing of the original bill. Graves v. Miles, Har. (Mich.) 332. And, when properly before the court, it is an addition to the original bill, and becomes a part of it, so that the whole is to be taken as one supplemental bill. Gillett v. Hall, 13 Conn. 426; Cunningham v. Rogers, 14 Ala. 147; Potier v. Barclay, 15 Ala. 439; Harrington v. Slade, 22 Barb. 161."

In Copen v. Flesher, 1 Bond. 440, Fed. Cas. No. 3,211, the court said:

"The law seems well settled that in chancery no material fact which has occurred since filing the original bill can be introduced in an amended bill. The party can only avail himself of such fact by filing a supplemental bill."

If the frauds alleged in the bill were not discovered until after the filing of the amended bill, there is no substantial reason why complainant should not be allowed to set up the facts, and ask for additional relief on account thereof. The general character of the suit has not been changed. New parties may be added by a supplemental bill, notwithstanding the fact that it is generally done by an amendment. Especially is this true where, as in the present case, the facts in relation to such new party were not discovered within the time that an amendment could be made for that purpose. Dow v. Jewell, 18 N. H. 341, 359. The allegations in the bill against the defendant Brooks are quite lengthy. It is charged, among other things, that he, being a stockholder of the defendant corporation, fraudulently colluded

with other parties therein named to bring a suit against this complainant in some other county than that in which the property in controversy is situate, and in such a way and manner as to prevent complainant from obtaining any knowledge thereof, by procuring service of process upon the secretary of state, instead of upon the complainant corporation, with the intent, design, and purpose of defrauding complainant of its rights in the premises.   I am of opinion that Brooks is a proper party to the bill, and that the averments herein referred to, with others, are sufficient to justify his being made a party in the supplemental bill.   In Fost. Fed. Prac. (2d Ed.) § 186, the author says:

"If, after the institution of a suit in equity, a person who is a necessary party thereto comes into being, or any other event occurs, which, without abating the suit, occasions such an alteration in the interest of any of the original parties, or gives any person not a party such an interest therein, as makes it necessary that the change of interest shall be brought to the attention of the court, and the person not already a party brought before it, the suit is said to become defective."

The different kinds of relief asked for by complainant are all germane to the relief asked for in the amended complaint.   The matters in question so relate to, and have a bearing upon, the general issues involved in the case, that, if known at the time of the commencement of this suit, they might have been all incorporated in one suit in order to determine all the rights of the respective parties in respect to the mining claims and property involved in the suit.   The new matters do not make a new case, but bring into it new questions that are proper in order to enable the court upon final hearing to order such a decree as will prevent further litigation between the same parties concerning the same subject-matter.   In Allen v. Taylor, 3 N. J. Eq. 435, where the complainant brought a suit simply for an injunction to stay waste on mortgaged premises, the defendants answered the bill.   Thereafter the money secured by the mortgage became due, and the complainant filed a supplemental bill, setting out that fact, and prayed for a foreclosure and sale of the mortgaged property. The court, upon demurrer to the bill, held that the complainant, consistently with the principles and practice applicable to bills of this character, had the right to file the supplemental bill.   Among other things, the court said:

"It is laid down as a rule in Candler v. Pettit, 1 Paige, 169, that if the complainant's original bill is sufficient to entitle him to one kind of relief, and facts subsequently occur which entitle him to other or more extensive relief, he may have such relief by setting out the new matter in the form of a supplemental bill. * * * It is said in Eager v. Price, 2 Paige, 333, that the court will not permit a party to file two original bills and carry on two suits at the same time against the defendant to satisfy the same debt.   The expense of an original bill is much greater than of a supplemental bill, and the latter should be used whenever it can equally subserve the purposes of justice.   In this case the party seeks two kinds of relief.   They are different in character, but both grow out of the same instrument,—the mortgage,—and spring from the relation of mortgagor and mortgagee.   They might have been asked for in one bill, if sufficient facts had existed at the filing of the bill to warrant it; but, that not being the case, it was necessary for the complainant to ask such relief as his case would warrant.   Subsequent events have entitled him to more extensive and effectual aid, and I see nothing to prevent his obtaining it in the usual way, by bill of supplement."

See, also, Hughes, Eq. Draftsm. p. 401; Stafford v. Howell, 1 Paige, 200; Railway Co. v. Newman, 23 C. C. A. 459, 77 Fed. 787; Story, Eq. Pl. § 346; 1 Fost. Fed. Prac. § 187 et seq.

Moreover, it has been held that the granting of leave to file a supplemental bill is discretionary with the court. Railway Co. v. Newman, supra, and authorities there cited.

The exceptions, in so far as they apply to the repetitions in the bill of the copies of the documents in haec verba, are allowed, and such repetitions are hereby ordered to be expunged from the bill. Complainant is given leave to amend the bill in this respect as herein suggested. The other exceptions to the bill are disallowed. The demurrers are overruled, and the defendants are given until rule day in April to answer the bill.