SHEELER v. ALEXANDER et al.

(District Court, N. D. Ohio, E. D.    October 3, 1913.)

(No. 132.)

1. COURTS (§ 353*)—PROCEDURE—PETITION FOR REHEARING.

The procedure for a rehearing after an interlocutory decree in an infringement suit, on the ground of newly discovered evidence, under the new equity rules (198 Fed. xix; 115 C. C. A. xix), may properly be by petition.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 933; Dec. Dig. § 353.*]

2. EQUITY (§ 392*)—REHEARING—NEWLY DISCOVERED EVIDENCE.

To entitle a defendant to a rehearing on the ground of newly discovered evidence it must be shown: (1) That he exercised due and reasonable diligence before the hearing to procure the evidence sought to be introduced; and (2) that the new evidence is material in determining the issues raised by the pleadings and is probably true, and on such questions counter affidavits may be received.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 834–851; Dec. Dig. § 392.*]

3. EQUITY (§ 392*)—PETITION FOR REHEARING—PROCEDURE.

A petition for rehearing after an interlocutory decree in an equity suit from which no appeal has been taken, on the ground of newly discovered evidence, should set forth the evidence as far as possible, and in any event should be accompanied by affidavits setting it out fully, and an order to show cause should then be served on the adverse party. If the application is granted the petitioner should then file a supplemental bill or answer, as the case may be.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 834–851; Dec. Dig. § 392.*]

In Equity. Suit by Harvey Sheeler against G. W. Alexander and Orion Alexander, partners as G. W. Alexander & Son, and the Lake Shore Sawmill & Lumber Company. On motion by complainant to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

strike defendant's petition for rehearing from the files. Motion overruled.

Wing, Myler & Turney, of Cleveland, Ohio, for plaintiff.

Reed, Russell & Eichelberger, Carpenter, Young & Stocker, and Hull & Smith, all of Cleveland, Ohio, for defendants.

DAY, District Judge. The defendants have filed a petition for a rehearing, praying in part that the decree for infringement against them be set aside, pending the hearing.

This petition for a rehearing is sworn to, and is accompanied by affidavits setting forth certain newly discovered evidences relied upon by the defendants.

[1] To this petition for a rehearing the complainant has filed a motion to strike the petition from the files, for the reason that the petition is not in accordance with the rules of practice in equity, on the ground that there is newly discovered evidence; and, inasmuch as the petitioner asks that the decree be set aside instead of praying for leave to file a bill of review, or a bill in the nature of a bill of review, the motion raises the question whether or not the proper procedure has been taken in the filing of this petition for a rehearing, in view of the adoption of the new equity rule by the Supreme Court of the United States. Equity rule 69 provides:

"Every petition for a rehearing shall contain the special matter or cause on which such rehearing is applied for, shall be signed by counsel and the facts therein stated, if not apparent on the record, shall be verified by the oath of the party or by some other person."

Rule 18 (198 Fed. xxiii, 115 C. C. A. xxiii) provides:

"Unless otherwise prescribed by statute or these rules the technical forms of pleading in equity are abolished."

And rule 19 (198 Fed. xxiii, 115 C. C. A. xxiii) provides, in part:

"The court, at every stage of the proceeding, must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties."

Rule 34 (198 Fed. xxviii, 115 C. C. A. xxviii) provides for the filing of supplemental pleadings in the cause.

Rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi) provides in part:

"In all trials in equity the testimony of witnesses shall be taken orally in open court, except otherwise provided by statute or these rules."

It would seem to be the spirit of these new equity rules that they were drawn by the Supreme Court with the intent of leaving the judge free to adjust matters in the interests of substantial justice, as he sees it, unhampered by precedent and by technical definitions and distinctions. So the important question to decide is as to the fairest and best method of raising the questions to be decided on a petition for a rehearing.

It is apparent that the present petition for a rehearing is based largely on the ground of newly discovered evidence. That such a proceeding is a proper one is recognized by the courts. The contention raised by counsel for the complainant is supported by the case of

Baker v. Whiting, 1 Story, 218, Fed. Cas. No. 786. In this case a petition was presented by the defendant after an interlocutory decree asking for a rehearing and for leave to introduce newly discovered evidence in the cause. The court, after a full investigation of the equity practice of England and the United States, which existed at that time, held that, where a rehearing is sought on the ground of newly discovered evidence, after an interlocutory decree, the court might grant the rehearing upon the filing of a supplemental bill, if the evidence was of such a nature or character as to entitle the party to relief, upon a bill of review, after the enrollment of a final decree, or on a supplemental bill in the nature of a bill of review, where there had been no enrollment, but not otherwise.

A like petition was later filed in Jenkins v. Eldredge, 3 Story, 299, Fed. Cas. No. 7,267, in which the court said:

"The present application, if maintainable at all, should properly, in its prayer, be for leave to file a supplemental bill, to bring forward the new evidence, and for a rehearing of the cause at the time when the supplemental bill should also be ready for a hearing."

This practice is recognized as the correct practice in Gillette v. Bates Refrigerating Co. (C. C.) 12 Fed. 108; Deitsch v. Staub, 115 Fed. 309, 317, 53 C. C. A. 137; Foster's Federal Practice (3d Ed.) § 352, p. 783; Walker on Patents (4th Ed.) § 647, p. 501; Daniell's Chancery Practice, 1537.

[2] It is well established that in order to entitle the defendant to a rehearing two questions are principally involved: First. Have they shown that they exercised due and reasonable diligence before the hearing in procuring the evidence now sought to be introduced? Pittsburgh Reduction Co. v. Cowles Co. (C. C.) 64 Fed. 125; Moneyweight Scale Co. v. Toledo, 199 Fed. 905, 118 C. C. A. 235; Australian Knitting Co. v. Wright's Health Underwear, 121 Fed. 1017, 56 C. C. A. 678. Secondly. That the new evidence sought to be introduced is material in determining the issues raised by the pleadings, and is probably true. Section 647, Walker on Patents; Munson v. New York (C. C.) 11 Fed. 72; New York Sugar Co. v. American Co. (C. C.) 35 Fed. 212; Bates on Fed. Procedure, vol. 2; section 683, Foster's Fed. Practice (3d Ed.) § 352.

Inasmuch as the petition for a rehearing is not an ex parte proceeding, counter affidavits may be received by the court in order that the court may be fully advised as to whether or not due diligence was indulged in by the petitioning party, and whether or not the evidence sought to be introduced was material. Walker on Patents, § 647; Simpkins, A Federal Suit in Equity, p. 623; Blandy v. Griffith, Fed. Cas. No. 1,530; Albany Steam Trap Co. v. Felthousen (C. C.) 26 Fed. 318; Celluloid Mfg. Co. v. American Zylonite Co. (C. C.) 27 Fed. 750; Munson v. New York (C. C.) 11 Fed. 72; New York Sugar Co. v. American Co. (C. C.) 35 Fed. 212.

[3] While the cases are not fully in accord as to the proper procedure to be followed when an application is made for a rehearing on account of newly discovered evidence, it is apparent from the decisions that if a decree has been entered in the lower courts, and an ap-

peal has been taken therefrom to the Circuit Court of Appeals, so that the Appellate Court has jurisdiction, the proper proceeding is for the petitioner to file a petition duly verified and addressed to the Appellate Court, and praying for leave to file in the lower court a supplemental bill in the nature of a bill of review. In re Gamewell, 73 Fed. 908, 20 C. C. A. 111; Westinghouse Co. v. Stanley, 138 Fed. 823, 71 C. C. A. 189; Bliss v. Reed, 106 Fed. 318, 45 C. C. A. 304; Boston Railway Co. v. Bemis Co., 98 Fed. 121, 38 C. C. A. 661.

In the case of Willimantic Linen Co. v. Clark Thread Co. (C. C.) 24 Fed. 799, the court held:

"The court has power to open the same and allow a new defense on motion, and without the formality of a bill of review."

In this case there was an interlocutory decree and no final decree. The court further stated that any such an—

"application * * * for a rehearing, on the ground of newly discovered evidence * * * must be supported by the same sort of proof as the court requires in order to give party relief upon a bill of review, or a supplemental bill in the nature of a bill of review, after a final decree."

Inasmuch as rehearings are granted only upon such grounds as would authorize a new trial in an action at law, that is, for newly discovered evidence, or errors of law apparent upon the record, it would seem to be a proper course of procedure in the filing of a petition for a rehearing where only an interlocutory decree has been entered, and there has been no appeal taken to the Circuit Court of Appeals, for the party seeking a rehearing to file its petition with the clerk of the court, and if he relies upon newly discovered evidence, he should set forth this evidence in the bill as far as possible in the petition for rehearing, and, in any event, in affidavits filed with the petition for rehearing and accompanying it. After filing this petition for a rehearing and the affidavits, he should then obtain an order upon the adverse party to show cause at some later date why his prayer for a rehearing should not be granted. The adverse party may then answer the petition for a rehearing, and upon the petition and answer the application may be heard. If the application for a rehearing is granted, then the petitioning party would be required to file either a supplemental bill or answer, as the case might be, in order that the hearing might be had on the original bill and answer and on the supplemental pleadings.

The petition for a rehearing which is sought to be stricken from the files seems to fully and fairly comply with this requirement, and the accompanying affidavits to fully set forth the evidence relied upon.

The motion to strike from the files will accordingly be overruled.