## INSURANCE FINANCE CORPORATION v. PHŒNIX SECURITIES CORPORATION et al.

District Court, D. Idaho, S. D. May 10, 1929.

No. 1380.

C. M. Hawkins, of Oakland, Cal., and Frawley & Koelsch, of Boise, Idaho, for plaintiff.

Hawley & Hawley, of Boise, Idaho, for defendant Phœnix Securities Corporation.

W. D. Gillis, Atty. Gen., Leon M. Fisk, Asst. Atty. Gen., and Frank T. Wyman, of Boise, Idaho, for defendants Porter and Neifort.

CAVANAH, District Judge. This case is now before the court on motion of defendants Porter and Neifert, of May 6, 1929, to dismiss plaintiff's supplemental complaint, upon the ground that it introduces a new cause of action and changes the character and

object of the suit, and is of a nature not permitted by the equity rules and practice of the court. The original complaint was filed August 21, 1928, and thereafter, on February 8, 1929, after notice to defendants, plaintiff asked permission to file supplemental complaint, and, no objection made, an order of the court was entered allowing the same to be filed. The defendants Porter and Neifert then answered the supplemental complaint, and the case is now at issue.

The sole question for decision calls for the application of equity rules 19 and 34, which provide:

Rule 19: "The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Rule 34: "Upon application of either party the court or judge may, upon reasonable notice and such terms as are just, permit him to file and serve a supplemental pleading, alleging material facts occurring after his former pleading, or of which he was ignorant when it was made. * * *"

It will be observed that these rules give the court a wide latitude in adjusting the pleadings to meet the requirements of the particular case. Sheeler v. Alexander (D. C.) 211 F. 544. And may in the furtherance of justice permit any pleading to be amended or material supplemental matter set forth in a supplemental pleading, and must disregard at every stage of the proceeding any defect or error which does not affect the substantial rights of the parties. The function of the supplemental complaint is to present material matters of fact occurring after the filing of the complaint, or of which the plaintiff was ignorant when it was filed. Mellor v. Smither (C. C. A.) 114 F. 116, 120. And it may set forth facts entitling plaintiff to other and more extensive relief than that sought in the original complaint. General Investment Co. v. Lake Shore & M. S. Ry. Co. (C. C. A.) 250 F. 160, 176; Sheffield & B. C., I. & R. Co. v. Newman (C. C. A.) 77 F. 787. But such facts must be consistent with and in aid of the cause of action alleged in the original complaint. The principal as to the right of the mortgagee in a supplemental complaint to foreclose where it appears that in the original complaint the relief sought was to restrain the commission of waste upon the mortgaged premises, and the mortgage debt coming due after the original complaint was filed, is recognized in the case of Allen v. Taylor, 3 N. J. Eq. 435, 29 Am. Dec. 721, where the court said:

"A mortgagee having, before the mortgage debt became due, filed a bill to restrain the commission of waste upon the mortgaged premises, may, after the mortgage money becomes due, file a supplemental bill, setting out by way of supplement that the money has become due, and praying additional relief, viz. that the equity of redemption may be foreclosed and the mortgaged premises sold." Syllabus.

"A strictly supplemental bill is always founded on facts that have occurred since the filing of the bill. These may be necessary to aid the complainant in obtaining the relief sought, or in obtaining new or additional relief. Here the party seeks additional relief, and if all the parties are already in court, upon the same subject matter, I see no propriety in turning them round for the purpose of bringing a second suit. * * * In this case the party seeks two kinds of relief. They are different in character, but both grow out of the same instrument, the mortgage, and spring from the relation of mortgagor and mortgagee. They might have been asked for in one bill, if sufficient facts had existed at the filing of the original bill to warrant it; but that not being the case, it was necessary for the complainant to ask such relief as his case would warrant. Subsequent events have entitled him to more extensive and effectual aid, and I see nothing to prevent his obtaining it in the usual way by bill of supplement."

The Allen Case was cited with approval in the case of Nevada Nickel Syndicate v. National Nickel Co. et al. (C. C.) 86 F. 486, 490, and it is there said:

"The different kinds of relief asked for by complainant are all germane to the relief asked for in the amended complaint. The matters in question so relate to, and have a bearing upon, the general issues involved in the case, that, if known at the time of the commencement of this suit, they might have been all incorporated in one suit in order to determine all the rights of the respective parties in respect to the mining claims and property involved in the suit. The new matters do not make a new case, but bring into it new questions that are proper in order to enable the court upon final hearing to order such a decree as will prevent further litigation between the same parties concerning the same subject-matter."

Having in mind these general principles, we come to a consideration of the original and supplemental complaints, and an analysis of them is required in order to ascertain if the objection urged by the two defendants should be sustained. The original complaint alleges that prior to and as of June 30, 1928, the defendant Phœnix Securities Corporation, for a valuable consideration, conveyed and assigned to plaintiff, in trust, all its right and interest in the properties and securities described in the complaint, and as evidence thereof executed the trust deed, mortgage and trust instrument, being Exhibit A attached thereto, securing a certain issue of refunding and collateral bonds in the principal sum of $100,000; that defendants Porter and Neifert assert that the securities were not on that date the property of the defendant Phœnix Securities Corporation, and are now being withheld by them from the possession of plaintiff. It seeks, further, an adjudication of the validity of the bonds and trust agreement, and the right to the possession of the securities, and for a decree declaring the lien of the trust agreement and bonds to be a first lien upon the securities. It is further sought that all claims made by defendants Porter and Neifert upon the securities be void or inferior to the rights of plaintiff; that plaintiff be granted possession of the properties and securities; and that defendants be restrained from making claim thereto; that the court instruct the plaintiff as to its duties in reference to the situation as such trustee, and whether it be its duty to proceed with the foreclosure of the incumbent securities, and, if necessary, a receiver be appointed. Since the filing of the original complaint a supplemental complaint was filed, stating the original bill and containing the usual allegations for a foreclosure of a deed of trust or mortgage, and alleging that default has occurred under the mortgage and deed of trust, and seeks additional relief of a decree foreclosing the same.

The same parties are in the original and supplemental complaints, and the relief prayed for in both grow out of the same mortgage and spring from the relation of mortgagor and mortgagee. All of the same parties are in court upon the one matter of the right of the trustee or mortgagee to have the mortgage lien declared and property held until plaintiff's rights are adjudicated. That might have been asked for in the original complaint if the mortgage debt was then due, but subsequently, the mortgage having become due entitles the plaintiff to additional and more extensive relief. Equitable relief is also demanded in the original complaint, and the mere fact of the defendants urging that the Phœnix Securities Corporation, the mortgagor, having been made a party in the original complaint and was not charged there with interfering with the mortgaged property, and that the plaintiff be given possession thereof, or it be held under order of the court, does not change the right of the plaintiff to ask for foreclosure of the mortgage in the supplemental complaint. The subject-matter involved is the right of the trustee or mortgagee to have the mortgaged property applied to the mortgage debt, and the matters set forth in the original complaint, and those set forth in the supplemental complaint, relate to the same matter, and it would seem equity rule 34 was adopted to meet such a contingency. No good reason seems to appear why the trustee or mortgagee should be required to bring a second suit where the subject-matter, relating solely to the trust deed or mortgage, can be adjudicated in this one suit.

The motion to dismiss the supplemental bill is denied.