## GILLETTE SAFETY RAZOR CO. v. TRIANGLE MECHANICAL LABORATORIES CORPORATION.

### No. 7260.

District Court, E. D. New York.

May 27, 1936.

For prior opinion, see 13 F.Supp. 194.

Morris Kirschstein, of New York City, for the motion.

Henry R. Ashton, of New York City (Henry R. Ashton and William J. Barnes, both of New York City, of counsel), opposed.

CAMPBELL, District Judge.

This is a motion by the defendant to reopen a patent suit on the ground of newly discovered evidence.

The interlocutory decree herein was granted on October 1, 1935, holding the Stargardter patent, No. 1,948,192, for the process of simultaneously hardening and bluing razor blade steel, valid and infringed as to claims 1, 3, 4, 5, 8, and 11.

An appeal was taken by the defendant from that decree on October 29, 1935, and defendant has continued to prosecute its appeal by preparing the record for filing until April 15, 1936, when it applied to the Circuit Court of Appeals for permission to petition this court for leave to reopen.

That motion was heard by the Circuit Court of Appeals on April 20, 1936, and an order was entered upon consent giving the defendant such permission.

The timeliness or merits of the motion were not argued or submitted for consideration by the Circuit Court of Appeals which merely referred the matter to this court for disposition.

Subsequent to the granting of the interlocutory decree herein, to wit, between January 2, 1936, and February 14, 1936, there was tried before Hon. Guy L. Fake, United States District Judge, in the District of New Jersey, the case of Gillette Safety Razor Co. v. Windsor Manufacturing Company, for the infringement of the same patent. The solicitor and counsel for the defendant in the instant suit was counsel for the defendant in the New Jersey case. Printed briefs were submitted to Judge Fake on April 2, 1936.

In the instant suit there is a supersedeas order staying the injunction and accounting proceedings.

This case again presents the time-honored question of whether there is to be any finality as to an interlocutory decree in a patent case.

This motion is made for the purpose of allowing the defendant to add to the record in this case evidence concerning the following: (1) An alleged Pollock prior use supposed to have been discovered after the trial and decision herein; and (2) certain printed publications and technical metallurgical data, known prior to the trial, but which defendant's counsel now puts forward as newly discovered evidence.

Counsel for the defendant learned of the alleged Pollock use on November 17, 1935, and communicated with him two days later. Under an order of Judge Fake in the New Jersey case, the counsel for the defendant in that case, who is the counsel for the defendant in the instant suit, supplied full particulars regarding the alleged Pollock use as early as November 29, 1935, giving a description, exhibits, and names of witnesses, but made no motion to reopen this case at that time.

At the close of the trial in the New Jersey case on February 14, 1936, counsel for the defendant had all the knowledge that he had on making this motion, but made no motion at that time to reopen.

In fact, no steps were taken by defendant to reopen this case until notice of a motion therefor was served on April 20, 1936, of a motion returnable on April 22, 1936, argument on which was heard on May 4, 1936, and all papers submitted May 12, 1936, and even now defendant's counsel asks that I grant the motion and suspend taking testimony until Judge Fake shall have decided the New Jersey case.

The injunction and accounting proceedings being stayed by the supersedeas order herein, delay at this time will carry argument on the appeal over until the fall.

My respect for, and confidence in, the integrity of the counsel for the defendant, prevents me from stamping this application as one interposed for delay, but it is clearly established in my mind that the defendant has been guilty of laches which of itself would furnish sufficient ground for denying this motion. Eclipse Mach. Co. v. Harley-Davidson Motor Co. (C.C.A.) 286 F. 68, 69; Colgate v. Western Union Tel. Co. (C.C.) 19 F. 828, 829; Hazeltine Corporation v. Wildermuth (E.D.N.Y.) Equity No. 2715, affirmed without opinion (C.C.A.) 46 F.(2d) 1015.

The excuse offered that counsel was busy with the preparation of the New Jersey case and the record on appeal in this case is not sufficient, as the motion made before the Circuit Court of Appeals which was heard on April 20, 1936, would have resulted in a stay if made earlier, and relieved defendant's counsel from proceeding with the preparation of the record.

I do not, however, desire to deny this motion solely on the ground of laches.

I have examined the record in the New Jersey case, including the depositions and the exhibits, with reference to the alleged Pollock use, and I am not persuaded that, if it had been presented and considered by me on the original hearing, it would have clearly produced a contrary conclusion from the one I there reached.

It seems clear to me that, after Dr. Waterhouse, plaintiff's expert, in the New Jersey case, had concluded his demonstration in that case, I would not have been persuaded to reach a different conclusion than the one I reached as shown by my opinion in the instant case after final hearing; nor would the later demonstration by Pollock have persuaded me to change my opinion, as I am not convinced that in that demonstration Pollock demonstrated the process he and all of his witnesses had testified to, and did not in reality demonstrate the process of the patent in suit.

The evidence as to Pollock's experiments does not persuade me to change my opinion, as I doubt that in his laboratory experiments Pollock did more than produce a mottled blue color on steel and not the color of the patent in suit; and the evidence shows that such experiments were abandoned in 1929.

The evidence falls short of being of such a character that, if it had been before me on the trial of the instant suit, I would have held the patent in suit invalid. Munson v. Mayor, etc., of New York (C.C.) 11 F. 72; Giant Powder Co. v. California Vigorit Powder Co. (C.C.) 5 F. 197, 201; Keith et al. v. Alger (C.C.A.) 124 F. 32; Bresnahan v. Tripp Giant Leveller Co. (C.C.A.) 99 F. 280, 284.

All of the printed publications which defendant now seeks to offer were available at the time of, but were not offered

on the trial, and in any event they relate merely to laboratory experiments, and would not persuade me to change my opinion rendered after final hearing.

The Technical Metallurgical data which defendant seeks to offer as newly discovered data does not appear to me to be new but to have been available, and would not persuade me to change the opinion I rendered after the final hearing. Whether steel may be blued with steam alone is not the question at issue. The real question is whether the blue steel of the patent in suit can be produced by steam alone, and the evidence, demonstration by Pollock, and data in question do not persuade me that it can.

The alleged new data is merely cumulative.

The motion is denied.